RICHARD S.J. HUNG (State Bar No. 197425)
rhung@mofo.com
ROBIN L. BREWER (State Bar No. 253686)
rbrewer@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

BITA RAHEBI (State Bar No. 209351)
brahebi@mofo.com
ROSE LEE (State Bar No. 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5428
Facsimile: (213) 892-5454

Attorneys for Autodesk, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. COFFELT, JR., Plaintiff, v. AUTODESK, INC., a Delaware Corporation, Defendant. | Case No.: 5:17-cv-01684-FMO-SHK<br>**DEFENDANT AUTODESK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF LOUIS A. COFFELT'S COMPLAINT**<br>Date: November 30, 2017<br>Time: 10:00 a.m.<br>Courtroom: 6D, 6th Floor<br>Hon. Fernando M. Olguin |

TO ALL PARTIES AND THEIR COUNSEL FOR RECORD:

PLEASE TAKE NOTICE that on November 30, 2017, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6D of the United States District Court of the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant Autodesk, Inc. ("Autodesk"), in accordance with Civil Local Rules 7-4 through 7-8, hereby moves to dismiss the Complaint of Plaintiff Louis A. Coffelt.

Autodesk seeks dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. This Motion is based on this Notice of Motion and the Memorandum of Points and Authorities, the pleadings, records, and files in this action, and such other written or oral arguments as may be presented at or before the time this Motion is taken under submission by the Court.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3. The Motion was addressed between counsel for Autodesk and Mr. Coffelt on September 21, 2017, and a further telephone conference discussing the Motion occurred on October 31, 2017. This case also is exempt from Local Rule 7-3 pursuant to Local Rule 16-12(c) as a case in which the plaintiff is appearing pro se.

# TABLE OF CONTENTS

**Page**


I. Background .......... 2

II. Legal standard .......... 3

III. Argument .......... 5

A. Mr. Coffelt Has Not Plausibly Alleged Access to the Copyrighted Work. .......... 5

1. Mr. Coffelt's Allegations Are Implausible and Lack Factual Support .......... 6

2. Mr. Coffelt's Alternative Theory Fares No Better .......... 7

B. Mr. Coffelt Cannot Base His Copyright Infringement Allegations on Autodesk's Alleged Use of an Idea, But Does So. .......... 8

C. The Accused OSL Source Code Predates Mr. Coffelt's Copyrighted Work. .......... 10

IV. Conclusion .......... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
581 F.3d 1138 (9th Cir. 2009) .......... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4, 6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 1, 4, 5, 8

*Christian v. Mattel, Inc.*,
286 F.3d 1118 (9th Cir. 2002) .......... 10

*Christopher v. Harbury*,
536 U.S. 403 (2002) .......... 4

*Coffelt v. Nvidia*,
680 F. App'x 1010 (Fed. Cir. 2017) (unpublished) .......... 2

*Coffelt v. Nvidia*,
No. CV 16-00457 SJO, 2016 U.S. Dist. LEXIS 185157 (C.D. Cal. June 21, 2016) .......... 2

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340 (1991) .......... 5

*Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*,
886 F.2d 1173 (9th Cir. 1989) .......... 8

*Lifshitz v. Walter Drake & Sons, Inc.*,
806 F.2d 1426 (9th Cir. 1986) .......... 7

*Mazer v. Stein*,
347 U.S. 201 (1954) .......... 8

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
521 F.3d 1097 (9th Cir. 2008) .......... 4

*Meta-Film Assocs., Inc. v. MCA, Inc.*,
586 F. Supp. 1346 (C.D. Cal. 1984) .................................................. 5, 7

*Oracle Am., Inc. v. Google Inc.*,
750 F.3d 1339 (Fed. Cir. 2014) ................................................................ 8

*Rice v. Fox Broad. Co.*,
330 F.3d 1170 (9th Cir. 2003) .................................................................. 7

*Sega Enters. Ltd. v. Accolade, Inc.*,
977 F.2d 1510 (9th Cir. 1992) .................................................................. 9

*Three Boys Music Corp. v. Bolton*,
212 F.3d 477 (9th Cir. 2000) .................................................................... 5

*Warzon v. Drew*,
60 F.3d 1234 (7th Cir. 1995) .................................................................... 5

*Weisbuch v. Cnty. of L.A.*,
119 F.3d 778 (9th Cir. 1997) .................................................................... 4

**Statutes & Other Authorities**

17 U.S.C. § 102 ........................................................................................ 8

17 U.S.C. § 401(a) .................................................................................... 7

35 U.S.C. § 101 ........................................................................................ 2

37 C.F.R. 1.71 .......................................................................................... 8

Fed. R. Civ. P. 8 ........................................................................................ 4

Fed. R. Civ. P. 8(a)(2) ........................................................................... 3, 4

Fed. R. Civ. P. 12(b)(6) ....................................................................... 2, 3, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

Having lost his *pro se* patent case against Autodesk on a motion to dismiss, Mr. Coffelt now seeks to relitigate his failed infringement case by restyling it as a copyright claim. But Mr. Coffelt's latest complaint has even greater flaws and should similarly be dismissed for several reasons.

**First**, Mr. Coffelt's allegations simply do not satisfy the Supreme Court's *Twombly* standard. Under *Twombly*, a plaintiff's allegations must cross the line "from conceivable to plausible." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Mr. Coffelt's allegations fall far short.

Mr. Coffelt speculates that California Department of Corrections ("CDC") agents "forcefully took copies of [his copyrighted] [w]ork" while he was on parole. (Complaint ¶¶ 78-80 ("Compl."), ECF No. 1.) Mr. Coffelt then conjectures that Autodesk obtained his copyrighted work because "Autodesk has a significant relationship with the CDC." (*Id.* ¶ 78.) These allegations, which amount to nothing more than rank speculation, cannot justify maintaining this lawsuit.

**Second**, Mr. Coffelt misunderstands what the copyright laws are meant to protect. By statute, copyrights do not bar the use of ideas. Instead, Mr. Coffelt must show that Autodesk has infringed by copying his copyrighted works. The mere use of an idea is insufficient — but that is all that Mr. Coffelt has alleged.

**Finally**, Autodesk cannot infringe as a matter of law because the purported basis of Mr. Coffelt's copyright infringement allegations predates his copyrighted works. Sony Pictures Imageworks ("Sony") released the accused Open Shading Language ("OSL") on January 14, 2010. But Mr. Coffelt admits that he developed his copyrighted works only later—"between the year[s] 2010 [and] 2014." (*Id.* ¶ 7.)

In sum, Mr. Coffelt's Complaint (1) does not allege plausible facts showing Autodesk's access to his copyrighted works, (2) alleges infringement of an uncopyrightable idea, and (3) is based on a product that predates his copyrighted

works. As these allegations do not state a claim upon which relief can be granted under Rule 12(b)(6), and the Court should dismiss Mr. Coffelt's Complaint.

## I. BACKGROUND

**Mr. Coffelt's Prior *Pro Se* Lawsuits.** Mr. Coffelt is no stranger to this District. After being incarcerated, he filed three *pro se* cases against the CDC or its officials on parole-related issues. *See Coffelt v. Cal. Dep't of Corrections*, No. 5:12-cv-00037-RGK (C.D. Cal. Jan. 18, 2012); *Coffelt v. Baker*, No. 5:13-cv-00568-RGK (C.D. Cal. Apr. 3, 2013); *Coffelt v. Cal. Dep't of Correction & Rehabilitation*, No. 5:13-cv-00902-RGK (C.D. Cal. May 28, 2013). Mr. Coffelt also previously sued Autodesk and others, again *pro se*, for alleged patent infringement in 2016. *See Coffelt v. Nvidia Corp.*, No. 5:16-cv-00457-SJO (C.D. Cal. Mar. 14, 2016) ("*Nvidia*").

None of Mr. Coffelt's cases has survived a motion to dismiss. For example, in his prior lawsuit against Autodesk, Mr. Coffelt asserted U.S. Patent No. 8,614,710 ("the '710 patent"). The '710 patent was filed on August 22, 2011, published on February 28, 2013, and issued on August 24, 2013. Judge Otero dismissed Mr. Coffelt's lawsuit under Rule 12(b)(6) because his patent was directed to unpatentable subject matter under 35 U.S.C. § 101. *Coffelt v. Nvidia*, No. CV 16-00457 SJO (KKx), 2016 U.S. Dist. LEXIS 185157 (C.D. Cal. June 21, 2016). The Federal Circuit agreed, affirming Judge Otero's holding that the '710 related to an unpatentable abstract idea. *Coffelt v. Nvidia*, 680 F. App'x 1010 (Fed. Cir. 2017) (unpublished).

**Mr. Coffelt's Latest *Pro Se* Lawsuit.** Mr. Coffelt's latest complaint is just as defective as his earlier ones. His current lawsuit essentially is a rehash of his patent case against Autodesk, but only now presented as a copyright case. (*Compare* Compl. *with Nvidia* Compl. (Decl. of Richard Hung in Support of Motion to Dismiss ("Hung Decl.") Ex. 1).)

As in his prior lawsuit, Mr. Coffelt alleges that the ability to create images with realistic shadows using Autodesk's software demonstrates Autodesk's use of Mr. Coffelt's copyrighted works. (*Compare*, *e.g.*, Compl. ¶¶ 20, 41-42 (referring to "photorealistic digital images", "photorealistic image[s]" and "photorealistic shadows") *with Nvidia* Compl. ¶¶ 11, 22, 24, 26, 28-31, 33, 36, 41-45, 51-54, 59, 63 (referring to "high resolution realistic complex 3D shadows" and "realistic 3D shadows").) According to Mr. Coffelt's copyright complaint, Autodesk's software achieves this functionality by incorporating Sony's OSL language, which was publicly released on January 14, 2010. (Compl. ¶¶ 24-26, 60-65, 70; Hung Decl. Ex. A.)

Mr. Coffelt further contends that, after his incarceration and while on parole, CDC officials forcefully removed copies of his copyrighted works and provided them to Autodesk. (Compl. ¶¶ 22-23, 78-80.) In addition (or possibly in the alternative),[1] Mr. Coffelt alleges that Autodesk "attained access to Coffelt's copyrighted works on February 28, 2013" by reviewing his '710 patent application when it published. (*Id.* ¶¶ 21, 77.)

Mr. Coffelt specifically accuses Autodesk of infringing Copyright No. TXu 2-037-997. (Compl. ¶ 85.) That underlying work was "published/completed" in 2016 and first registered at the very end of that year, on December 28, 2016. (*Id.* Ex. 126.) Mr. Coffelt seeks $33 billion in damages. (*Id.* ¶¶ 88, 93.)

## II. LEGAL STANDARD

Under Rule 12(b)(6), a motion to dismiss should be granted where a party fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[1] As it is difficult to discern Mr. Coffelt's precise arguments in his *pro se* Complaint, Autodesk presents its best understanding of his positions in this motion.

Rule 8, however, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must make "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Such a showing "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). If a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face" and thereby "nudged [his] claims . . . across the line from conceivable to plausible," the complaint "must be dismissed." *Twombly*, 550 U.S. at 547.

When reviewing a motion to dismiss under Rule 12(b)(6), a court must assume all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002). But pleadings containing "no more than conclusions[] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Only when there are "well-pleaded factual allegations" should a court "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). The "sheer possibility that a defendant has acted unlawfully" is not enough. *Id.* A complaint that raises such a possibility only "allege[s] – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Dismissal is appropriate if a complaint lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Dismissal also is appropriate where plaintiff has alleged facts compelling a finding in favor of defendant. *See Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997)

("[A] plaintiff may plead herself out of court." (citing *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995))).

## III. ARGUMENT

None of the facts or allegations in the Complaint nudges the claims from "conceivable" to "plausible." *See Twombly*, 550 U.S. at 547. Mr. Coffelt's allegations either are facially implausible or, even if accepted as true, do not raise a claim for copyright infringement.

### A. Mr. Coffelt Has Not Plausibly Alleged Access to the Copyrighted Work.

Copyright infringement requires access to the copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (holding that copyright infringement requires proof of copying); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) ("Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'"). "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009).

"Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Id*. Access through an intermediary may be shown if there is "some overlap in subject matter to permit an inference of access." *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1358 (C.D. Cal. 1984).

**1. Mr. Coffelt's Allegations Are Implausible and Lack Factual Support**

In his Complaint, Mr. Coffelt does not plausibly allege that Autodesk had access to his copyrighted works. He first asserts that CDC agents "forcefully took" copies of his copyrighted works in 2010, 2011, and 2013. (Compl. ¶¶ 78-80; *see also id.* ¶¶ 22-23.) Per Mr. Coffelt, these CDC agents then "caused Coffelt's copyrighted works to be copied and distributed world wide [*sic*]." (*Id.* ¶ 23.) Next, Mr. Coffelt argues that Autodesk accessed his copyrighted works via its "significant relationship with the CDC" in 2010, 2011, and 2013. (*Id.* ¶¶ 78, 81.)

These allegations are nothing but creative conjecture, at best. They do not demonstrate that it is "reasonabl[y] possib[le]" that Autodesk ever copied Mr. Coffelt's work, as required to survive dismissal. *See Iqbal*, 556 U.S. at 680-81 (affirming dismissal of complaint that named U.S. Attorney General as the "principal architect" of an "invidious policy" and the Director of the Federal Bureau of Investigations as "instrumental" in adopting and executing that same policy).

Among other things, Mr. Coffelt provides no details and does not explain why any of the following would be plausible or even logical:

- CDC agents "forcefully took" copies of his copyrighted works;
- CDC agents "copied and distributed" Mr. Coffelt's works "worldwide"; and
- Autodesk and the CDC have a "significant relationship."

Mr. Coffelt effectively admits that his Complaint, standing alone, offers no plausible factual support for his varied allegations. He states only that "[e]vidence of this significant relationship" and "[e]vidence of this unauthorized copy of Coffelt's copyrighted work will be provided to this Court." (Compl. ¶¶ 78-79.)

Even if Mr. Coffelt could provide evidence to support ***some*** of these allegations, that still would not show access as to overcome dismissal. For example, even if the CDC did obtain Mr. Coffelt's files, Mr. Coffelt identifies no "overlap in subject matter" between Autodesk and the CDC that would "permit an inference of access." *Meta-Film*, 586 F. Supp. at 1358. Indeed, it would be difficult for him to do so, as the CDC and Autodesk operate in entirely different fields: CDC agents oversee parolees, and Autodesk develops computer-aided design software.

Nor does Mr. Coffelt point to any support for his claim that his copyrighted works were distributed, much less widely distributed. *See, e.g., Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003) (requiring evidence of commercial success or distribution through relevant media for widespread dissemination).

**2. Mr. Coffelt's Alternative Theory Fares No Better**

In the alternative, Mr. Coffelt apparently asserts that Autodesk copied his copyrighted works by reviewing his published patent application in 2013. (*Id.* ¶¶ 21, 77.) But this theory is no more plausible.

At the outset, Mr. Coffelt never sought to register his '710 patent with the Copyright Office or to mark the content of the '710 patent with a copyright notice. *See* 17 U.S.C. § 401(a) (requiring notice to be placed on "publicly distributed copies from which the work can be visually perceived"). The failure to include a copyright notice results in the loss of copyright protection, unless one of the exceptions under Section 405(a) is met. *See Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1432-35 (9th Cir. 1986) (no copyright protection where copyright notice not affixed for two years and exceptions not met).

None of the exceptions under Section 405(a) applies here. Among other things:

- The notice has not been omitted from a relatively small number of copies;

- The ’710 patent ***published*** on December 24, 2013, and has been made available through multiple databases;
- Mr. Coffelt has made no effort to add the copyright notice to copies of the ’710 patent;
- Mr. Coffelt never expressly required or even asked, in writing, that the U.S. Patent Office include a copyright notice on the ’710 patent, even though 37 C.F.R. 1.71 permits a patentee to include a “[c]opyright . . . [n]otice in [p]atents.”

In any event, Mr. Coffelt offers no explanation for why Autodesk would have reviewed his patent application in 2013. And even assuming that Autodesk did so, Mr. Coffelt also identifies no specific work in that application that Autodesk purportedly copied. In fact, Mr. Coffelt alleges only that Autodesk has infringed a separate work that was completed and copyrighted in 2016. (Compl. ¶¶ 21, 77, Ex. 104.) Because Mr. Coffelt’s Complaint has not crossed the line “from conceivable to plausible,” *Twombly,* 550 U.S. at 570, the Court should dismiss it.

**B. Mr. Coffelt Cannot Base His Copyright Infringement Allegations on Autodesk’s Alleged Use of an Idea, But Does So.**

“It is well established that copyright protection can extend to both literal and non-literal elements of a computer program.” *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1355 (Fed. Cir. 2014). The literal elements of a computer program are its source code and object code. *See Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*, 886 F.2d 1173, 1175 (9th Cir. 1989). The non-literal components include the program’s sequence, structure, organization, and user interface. *See id.*

Regardless of whether protection extends to these literal or non-literal components, however, copyright law protects neither the “expression of an idea” nor the “idea itself.” *Id.* It is axiomatic that a copyright protects the expression of ideas, not the ideas themselves or the functional or factual aspects of the work. 17 U.S.C. § 102; *see also Mazer v. Stein*, 347 U.S. 201, 217 (1954) (“Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to

the expression of the idea — not the idea itself."); *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1524 (9th Cir. 1992).

Here, Mr. Coffelt's copyright infringement allegations are plainly directed to the ***idea*** underlying his copyrighted work(s), and not the copyrighted work(s) themselves. Mr. Coffelt makes this clear throughout his Complaint. For example,, he alleges that:

- "OSL creates ***results*** identical to Coffelt's CAD Work results." (Compl. ¶ 61) (emphasis added).)
- "This basis for OSL is identical to Coffelt's ***concept*** for Coffelt's Gradient Work." (*Id.* ¶ 63 (emphasis added).)

But whether the "results" or underlying "concepts" are the same is irrelevant for copyright infringement. *Sega*, 977 F.2d at 1524.

Although Mr. Coffelt alleges that "a comparison of . . . exhibits 115 and 104 shows that all components of Coffelt's copyrighted work exists in OSL" (Compl. ¶ 61), a cursory examination of the two exhibits reveals otherwise. It also confirms that Mr. Coffelt is improperly equating patent and copyright infringement principles.

Exhibit 104 apparently corresponds to Mr. Coffelt's "Gradient Work," which the Copyright Office has not yet registered. (Compl. ¶¶ 38 (referring to copyright "application"), 61 (identifying as "Gradient Work"). Exhibit 104 merely consists of fourteen lines of variable definitions and equations. (*See, e.g.*, *id.* Ex. 104 ("[in] line 0003, lenrf1 is the length of the Reflected Vector rf1"). Exhibit 115, by contrast, apparently comprises four pages of OSL source code (*id.* ¶ 61).

There are no similarities between either the literal or non-literal elements of the two exhibits—and Mr. Coffelt points to none. Moreover, and again, Mr. Coffelt has not specifically accused Autodesk of infringing any registered copyright relating to his Gradient Work. (*Id.* ¶ 85 (referring only to emoshaGraphics CAD

alpha registration.) Because Mr. Coffelt's copyright infringement allegations relate to Autodesk's alleged use of an idea, the Court should dismiss his Complaint for this reason as well.

### C. The Accused OSL Source Code Predates Mr. Coffelt's Copyrighted Work.

Finally, it is very well established that "a prior-created work cannot infringe a later-created one." *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002) (affirming finding that complaint alleging copyright infringement by an earlier-created work was frivolous). This principle eliminates Mr. Coffelt's only remaining allegation – that Autodesk somehow infringed his copyrights by using OSL open-source software code. OSL undisputedly predated Mr. Coffelt's work, such that Autodesk's alleged incorporation or use of OSL code cannot infringe any of his copyrights.

On August 19, 2009, Sony announced several open source projects, including OSL. (Hung Decl. Ex. B.) Sony then loaded the OSL Language Specification and source code onto a Google share site in January 2010. (*Id*. Ex. C.) Finally, on January 14, 2010, SPI issued a press release announcing the OSL open source initiative and the code's availability. (*Id*. Ex. A.)

By contrast, Mr. Coffelt admits that he did not begin developing his copyright works until ***after*** the start of 2010. As he explains at paragraph 7:

> Coffelt applied more than 10,000 hours of work directed to development of Coffelt's CAD programs and support programs. These 10,000 hours of Coffelt's work occurred ***between the year 2010 through 2014*** [*sic*].

Moreover, and again, the only copyrighted work to which Mr. Coffelt specifically refers in his First Cause of Action is the "emoshaGraphics CAD alpha" work, which apparently was registered as No. TXu 2-037-997. (Compl. ¶ 85.) But that work was "published/completed" in 2016 and first registered on December 28,

2016—well after OSL was released. (*Id.* ¶ 40, Ex. 126.) Autodesk therefore cannot infringe any of Mr. Coffelt's copyrights via its use of OSL as a matter of law.

**IV. CONCLUSION**

Having lost his patent infringement case against Autodesk, Mr. Coffelt cannot resurrect those claims now under the guise of a copyright lawsuit—particularly one based entirely on (1) fanciful allegations about Autodesk's complicity with the CDC, (2) Autodesk's alleged use of ideas and not protected expression, and (3) OSL code that predates Mr. Coffelt's copyright registrations by several years. For all or any of these reasons, Autodesk urges the Court to dismiss Mr. Coffelt's Complaint.

Dated: November 1, 2017 By: */s/ Richard S.J. Hung*

MORRISON & FOERSTER LLP
Attorneys for Defendant
AUTODESK, INC.