1   RICHARD S.J. HUNG (State Bar No. 197425)
     rhung@mofo.com
2   ROBIN L. BREWER (State Bar No. 253686)
     rbrewer@mofo.com
3   MORRISON & FOERSTER LLP
     425 Market Street
4   San Francisco, California  94105
     Telephone:   (415) 268-7000
5   Facsimile:    (415) 268-7522

6   BITA RAHEBI (State Bar No. 209351)
     brahebi@mofo.com
7   ROSE LEE (State Bar No. 294658)
     roselee@mofo.com
8   MORRISON & FOERSTER LLP
     707 Wilshire Boulevard
9   Los Angeles, CA  90017-3543
     Telephone:  (213) 892-5428
10  Facsimile:   (213) 892-5454

11  Attorneys for Autodesk, Inc.

12

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15

16  LOUIS A. COFFELT, JR.,                    Case No.:  5:17-cv-01684-FMO-SHK

17                     Plaintiff,              **DEFENDANT AUTODESK, INC.'S REPLY TO MOTION TO DISMISS PLAINTIFF LOUIS A. COFFELT'S COMPLAINT**

18          v.

19

20  AUTODESK, INC., a Delaware                Date: November 30, 2017
     Corporation,                             Time: 10:00 a.m.
21                                            Courtroom: 6D, 6th Floor
                       Defendant.
22                                            Hon. Fernando M. Olguin

23

24

25

26

27

28

1   Mr. Coffelt's opposition brief confirms that the Court should dismiss his

2   Complaint.  Apparently misunderstanding Autodesk's positions, Mr. Coffelt

3   reiterates the statements in his Complaint and debates whether they qualify as

4   "facts" or "conclusions."  But Mr. Coffelt does not address *any* of the three

5   independent grounds warranting dismissal of his Complaint.

6   In particular, Mr. Coffelt does not dispute that the Complaint (1) does not

7   allege plausible facts showing Autodesk's access to his copyrighted works, (2)

8   alleges infringement of an uncopyrightable idea, and (3) is based on a product that

9   predates his copyrighted works.

10   Because Mr. Coffelt's allegations are implausible and do not state a claim

11   upon which relief can be granted, dismissal of his Complaint is appropriate under

12   Rule 12(b)(6) of the Federal Rules of Civil Procedure.

13
14   **I.     ARGUMENT**

15   **A.     Mr. Coffelt Still Does Not Plausibly Allege Access to the Copyrighted Work.**

16   As Autodesk explained in its opening brief, access is a predicate for a finding

17   of copyright infringement.  *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477,

18   481 (9th Cir. 2000) ("Absent direct evidence of copying, proof of infringement

19   involves fact-based showings that the defendant had 'access' to the plaintiff's work

20   and that the two works are 'substantially similar.'" (citation omitted)).  Although

21   Mr. Coffelt contends that his "[C]omplaint does not rely solely on 'access'" (Opp. at

22   2), he still must show it.

23   In his opposition, Mr. Coffelt *still* identifies no facts demonstrating that

24   Autodesk plausibly had access to the copyrighted work.  Mr. Coffelt merely repeats

25   the bare assertions in his Complaint, such as his unsupported belief that "California

26   Department of Correction and Rehabilitation (CDC) agents forcefully took copies

27   of [his] copyrighted work" and that "Autodesk has a significant relationship with

28

1

CDC." (Opp. at 4.) Despite alleging in his Complaint he would provide evidence supporting these two statements to the Court (Compl. ¶¶ 78-79), he proffers no such evidence in response to Autodesk's motion.

Mr. Coffelt's bald allegations regarding copying are nothing more than conjecture. They do not demonstrate that it is "reasonabl[y] possib[le]" that Autodesk ever had access to or ever copied Mr. Coffelt's work, as required to survive dismissal. *See, e.g.*, *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009) ("To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work.").

As for Mr. Coffelt's alternative theory that Autodesk copied his copyrighted work from his published patent application (Compl. ¶¶ 21, 77), Mr. Coffelt hardly defends that theory in his opposition. He ***still*** does not identify what material in his patent application (if any) Autodesk allegedly copied. He also does not show (much less allege) that any such material is subject to copyright protection. Mr. Coffelt's failure to state a facially plausible claim or plead sufficient facts to support access to his copyright materials warrants dismissal of his Complaint. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007).

### B.   Mr. Coffelt Continues to Base His Copyright Infringement Allegations on Autodesk's Alleged Use of an Idea.

In his Complaint, Mr. Coffelt repeatedly argued that Autodesk necessarily infringes his copyrighted works because Autodesk's products allow a user to "create photorealistic digital images"—allegedly just like his copyrighted software. (Compl. ¶ 20; *see id.* ¶¶ 8 ("Photorealistic CAD images do not exist prior to Coffelt's copyright works.""), 27 ("Coffelt requested [that Autodesk] . . . explain how [it is] creating photorealistic digital images.").) In particular, Mr. Coffelt argued that Autodesk's products incorporate Sony Pictures Imageworks' Open

Shading Language ("OSL") language, which "creates *results* identical to Coffelt's CAD Work *results*."  (*Id.* ¶ 60 (emphases added); *accord id.* ¶ 61 ("[T]he results of OSL are identical to Coffelt's copyrighted work results.").)

But it is well established that the mere use of an "idea" will not give rise to copyright infringement.  *See Mazer v. Stein*, 347 U.S. 201, 217 (1954) ("Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea — not the idea itself.").  It is not enough to say that copyrighted and allegedly infringing works are software and have the same "results."  This conflates the protections provided by patent law with those provided by copyright law.  *See id.*

Mr. Coffelt's opposition confirms that his copyright infringement allegations are based on Autodesk's alleged use of an idea—*i.e.*, techniques for generating photorealistic digital images.  In his opposition, he does not dispute that the alleged similarities in the "results" generated by Autodesk products and his copyrighted works are what give rise to his infringement allegations.  Instead, he merely emphasizes that his Complaint used "results" consistent with 17 U.S.C. § 101, which defines a "computer program" as "a set of statements or instructions to be used directly or indirectly in a computer in order to bring about a certain *result*." (Opp. at 4 (emphasis added).)

That is beside the point.  Even if the results are the same, Mr. Coffelt must plausibly allege that Autodesk copied the literal or non-literal elements of a copyrighted *computer program* that generated those results.  *See Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1355 (Fed. Cir. 2014), *cert. denied* 135 S. Ct. 2887 (2015).  Mr. Coffelt does not make this showing in the Complaint or his opposition.

Mr. Coffelt does not even try to carry this burden.  He simply concludes— without explanation—that Exhibits 104 and 115 to the Complaint "clearly show" that a Sony Pictures Imageworks employee, Larry Gritz, "dissect[ed] Coffelt's computer program and distribute[d] it into several different files in order to hide

1  copyright infringement." (Opp. at 5.) But he does not explain why that conclusion
2  is plausible, much less necessarily true.

3       **C.**     **The Accused OSL Source Code Predates Mr. Coffelt's**
4                 **Copyrighted Work.**

5       It is unclear precisely what Mr. Coffelt is arguing regarding OSL's release
6  and public availability before he allegedly developed his copyrighted works. (Opp.
7  at 5-6.) Mr. Coffelt appears to dispute whether the exhibits for which Autodesk
8  sought judicial notice actually include OSL code or discuss their functionality.

9       Regardless, in his opposition Mr. Coffelt does not dispute that the relevant
10  functionality in OSL was released by 2010—before he allegedly developed his
11  copyrighted works. For this reason, the mere fact of Autodesk's use of OSL cannot
12  plausibly suggest that it is infringing Mr. Coffelt's copyrights. *See Christian v.*
13  *Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002) ("a prior-created work cannot
14  infringe a later-created one"). To the contrary, this allegation, taken as true, would
15  only serve to plead Mr. Coffelt out of court. *See Weisbuch v. Cnty. of L.A.*, 119
16  F.3d 778, 783 n.1 (9th Cir. 1997) ("[A] plaintiff may plead herself out of court."
17  (citing *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995))).

18  **II.**   **CONCLUSION**

19       Mr. Coffelt bases his allegations in his Complaint entirely on (1) conjecture
20  about Autodesk's complicity with the CDC, (2) Autodesk's alleged use of ideas and
21  not protected expression, and (3) OSL code that predates Mr. Coffelt's copyright
22  registrations by several years. His opposition does nothing to show otherwise. For
23  any or all of these reasons, Autodesk urges the Court to dismiss Mr. Coffelt's
24  Complaint under Rule 12(b)(6) for failure to state a claim.

25

26  Dated:    November 16, 2017      By:  */s/ Richard S.J. Hung*
27                                 MORRISON & FOERSTER LLP
                               Attorneys for Defendant
28                                 AUTODESK, INC.