UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUIS A COFFELT JR., | ) | Case No. ED CV 17-1684 FMO (SHKx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| AUTODESK, INC., | ) | |
| Defendant. | ) | |

Having reviewed and considered all the briefing filed with respect to defendant Autodesk, Inc.'s ("defendant") Motion to Dismiss Plaintiff Louis A. Coffelt Jr.'s Complaint (Dkt. 21, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and orders as follows.

Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy

favoring amendment be applied with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendant's Motion and dismiss plaintiff's Complaint (Dkt. 1) with leave to amend. In preparing the First Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendant's Motion. For example, the court is skeptical that plaintiff has sufficiently alleged facts to support his claim for copyright infringement because plaintiff must allege facts regarding the copying of his copyrighted works, not simply the ideas underlying his copyrighted works. (See Dkt. 1, Complaint at ¶¶ 8, 20, 60-61, 63; Dkt. 24, Opposition to Motion to Dismiss at 2); see Mazer v. Stein, 347 U.S. 201, 217, 74 S.Ct. 460, 470 (1954) ("Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea – not the idea itself."). Further, the court is concerned that the allegedly infringing work predates plaintiff's copyrighted work. (See Dkt. 21, Motion at 10-11).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss **(Document No. 21)** is **granted**.

2. The Complaint **(Document No. 1)** is **dismissed with leave to amend**.

3. If plaintiff still wishes to pursue this action, he is granted until **December 21, 2017**, to file a first amended complaint attempting to cure the deficiencies set forth above as well as the other alleged defects outlined in defendant's Motion. The court expects that defendant will agree to any amendments that will or attempt to cure the alleged defects.

4. The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. ED CV 17-1684 FMO (SHKx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make its First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter

as non-existent. In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5. Plaintiff is cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendant shall file its Answer to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **January 11, 2018**.

Dated this 21st day of November, 2017.

                                      /s/
                            Fernando M. Olguin
                       United States District Judge