1  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
2  ROBIN L. BREWER (CA SBN 253686)
   rbrewer@mofo.com
3  CHRISTOPHER J. WIENER (CA SBN 280476)
   cwiener@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105
   Telephone:   (415) 268-7000
6  Facsimile:    (415) 268-7522

7  BITA RAHEBI (CA SBN 209351)
   brahebi@mofo.com
8  ROSE LEE (CA SBN 294658)
   roselee@mofo.com
9  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
10 Los Angeles, CA  90017-3543
   Telephone:   (213) 892-5428
11 Facsimile:    (213) 892-5454

12 Attorneys for Autodesk, Inc.

13

14                  UNITED STATES DISTRICT COURT

15                 CENTRAL DISTRICT OF CALIFORNIA

16

17 LOUIS A. COFFELT, JR.,                    Case No.:  5:17-cv-01684-FMO-SHK

18               Plaintiff,                  **DEFENDANT AUTODESK, INC.'S
                                             NOTICE OF MOTION AND
19       v.                                  MOTION TO DISMISS
                                             PLAINTIFF LOUIS A.
20                                           COFFELT'S SECOND AMENDED
                                             COMPLAINT**
21 AUTODESK, INC., a Delaware
   Corporation,                              Date: February 22, 2018
22                                           Time: 10:00 a.m.
                 Defendant.                  Courtroom: 6D, 6th Floor
23
                                             Hon. Fernando M. Olguin
24

25

26

27

28

sf-3857707

TO ALL PARTIES AND THEIR COUNSEL FOR RECORD:

PLEASE TAKE NOTICE that on February 22, 2018, at 10:00 a.m., or as soon as the matter may be heard, in Courtroom 6D of the United States District Court of the Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant Autodesk, Inc. ("Autodesk") moves to dismiss the Second Amended Complaint of Plaintiff Louis A. Coffelt under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Autodesk bases this Motion is on this Notice of Motion, its Memorandum of Points and Authorities, the declaration of Richard Hung in Support of Autodesk's Second Motion to Dismiss ("Hung Decl.") and attached exhibit, the pleadings, records, and files in this action, and all other written or oral arguments or evidence that the parties may present to the Court relating to this Motion.

Autodesk brings this motion following a conference between Mr. Coffelt, proceeding *pro se*, and Autodesk's counsel on January 8, 2018.

1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................. 1

II.   BACKGROUND .............................................................................................. 2

III.  LEGAL STANDARD ....................................................................................... 7

IV.   ARGUMENT .................................................................................................... 8

    A.    Mr. Coffelt Still Has Not Plausibly Alleged Access. ............................. 8

        1.    Mr. Coffelt's Unamended "Parole" Access Theory Remains Implausible. ................................................................................... 9

        2.    Mr. Coffelt's Unamended "Patent" Access Theory Also Remains Implausible. ................................................................. 11

        3.    Mr. Coffelt Offers No "OSL" Access Theory At All, Much Less a Plausible One. .................................................................... 11

    B.    Even as Amended, Mr. Coffelt's Copyright Infringement Claims Are Based on Autodesk's Alleged Use of Unprotectable Ideas. ................... 13

        1.    The SAC Again Confirms that Mr. Coffelt Is Trying to Protect Uncopyrightable Ideas. ...................................................... 14

        2.    Mr. Coffelt's New Exhibit 121 Further Reinforces His Desire to Protect Uncopyrightable Ideas. .................................................... 15

    C.    Absent Direct Infringement, Mr. Coffelt's Other Theories Fail. ........... 16

    D.    Dismissal Should Be Without Leave to Amend ..................................... 17

V.    CONCLUSION ............................................................................................... 18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Art Attacks Ink, LLC v. MGA Entm't Inc.,*
  581 F.3d 1138 (9th Cir. 2009)..................................................................8, 9

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ....................................................................7, 8, 9

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ......................................................................7, 8

*Christian v. Mattel, Inc.,*
  286 F.3d 1118 (9th Cir. 2002) ..............................................................12

*Christopher v. Harbury,*
  536 U.S. 403 (2002) ............................................................................7

*Coffelt v. Nvidia,*
  680 F. App'x 1010 (Fed. Cir. 2017) (unpublished) ...............................3

*Coffelt v. Nvidia,*
  No. CV 16-00457 SJO, 2016 U.S. Dist. LEXIS 185157 (C.D. Cal.
  June 21, 2016)........................................................................................3

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,*
  499 U.S. 340 (1991) ......................................................................8, 12

*Gonzalez-Reyes v. U.S. Bank Nat'l Ass'n,* No. 14-cv-233-FMO
  (JEMx), 2015 U.S. Dist. LEXIS 182194 (Feb. 17, 2015).............................17-18

*Johnson Controls, Inc. v. Phoenix Control Sys., Inc.,*
  886 F.2d 1173 (9th Cir. 1989)..............................................................13

*Mazer v. Stein,*
  347 U.S. 201 (1954) ....................................................................passim

*Mendiondo v. Centinela Hosp. Med. Ctr.,*
  521 F.3d 1097 (9th Cir. 2008)................................................................8

sf-3857707

*Meta-Film Assocs., Inc. v. MCA, Inc.*,
  586 F. Supp. 1346 (C.D. Cal. 1984)....................................................9, 10

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) ........................................................................ 16

*Oracle Am., Inc. v. Google Inc.*,
  750 F.3d 1339 (Fed. Cir. 2014) ........................................................ 13

*Rice v. Fox Broad. Co.*,
  330 F.3d 1170 (9th Cir. 2003)........................................................... 10

*Sega Enters. Ltd. v. Accolade, Inc.*,
  977 F.2d 1510 (9th Cir. 1992)........................................................... 13

*Three Boys Music Corp. v. Bolton*,
  212 F.3d 477 (9th Cir. 2000) ............................................................. 8

*Turner v. Cal. Dep't of Corr. Rehab.*, No. 16-cv-6764-PA (JPR),
  2017 U.S. Dist. LEXIS 104502 (C.D. Cal. May 25, 2017)................... 17

*Warzon v. Drew*,
  60 F.3d 1234 (7th Cir. 1995) ............................................................. 8

*Weisbuch v. Cnty. of L.A.*,
  119 F.3d 778 (9th Cir. 1997) ......................................................... 8, 16


**Statutes & Other Authorities**

17 U.S.C. § 102........................................................................... 13

35 U.S.C. § 101............................................................................. 3

Fed. R. Civ. P. 8............................................................................ 7

Fed. R. Civ. P. 8(a)(2) .................................................................... 8

Fed. R. Civ. P. 12(b)(6) .................................................................. 7

sf-3857707

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.      INTRODUCTION**

3          The Court previously dismissed Mr. Coffelt's original *pro se* complaint for

4    failure to state a claim.  (Dkt. No. 29.)  In doing so, the Court expressed its

5    skepticism that he had "sufficiently alleged facts to support his claim for copyright

6    infringement."  (*Id.* at 2.)  The Court cautioned Mr. Coffelt that:

7    • He needed to "allege facts regarding the copying of his
8      copyrighted works, [and] not simply the ideas underlying his
       copyrighted works"; and
9
10   • The Court was "concerned that the allegedly infringing work
       predates [his] copyrighted work."

11   (*Id.*)  The Court thus urged Mr. Coffelt to "carefully evaluate the contentions

12   set forth in [Autodesk's] [m]otion" in preparing his amended complaint.  (*Id.*)

13         Unfortunately, Mr. Coffelt did not heed the Court's advice.  His Second

14   Amended Complaint ("SAC") suffers from the same defects as his original

15   complaint, including:

16   • **Implausible "parole" access theory:**  Mr. Coffelt's SAC still
17     alleges that California Department of Correction ("CDC") agents
       "forcefully took" his copyrighted works while he was on parole
18     and that Autodesk then obtained them.  (Dkt. No. 35 ¶¶ 106-108.)

19   • **Implausible "patent" access theory:**  Mr. Coffelt still confuses
20     patent infringement and copyright infringement, alleging that
       Autodesk necessarily infringes his copyrights because his patent
21     and its products use the same ideas.  (*Id.* ¶ 105.)

22   • **Implausible "OSL" copying theory:**  Mr. Coffelt still does not
23     plausibly allege that Open Shading Language, which Sony Pictures
       Imageworks ("Sony") released in January 2010, copied his
24     copyrighted works, which Mr. Coffelt published much later.

25         Rather than address these and the many other issues in his original complaint,

26   Mr. Coffelt's SAC instead adds allegations that:

27

28

1

sf-3857707

(i)   OSL and one of his copyrighted works produce "identical" surface shading and use similar ideas (*see, e.g., id.* ¶¶ 21, 66-72, 104);

(ii)  Autodesk has adapted its products to use OSL (*see, e.g., id.* ¶¶ 81-90);

(iii) Autodesk contributorily infringes and is vicariously liable for others' infringement (*see, e.g., id.* ¶¶ 91-103, 125-154, 161-180); and

(iv)  Sony is a contributory infringer (*see, e.g., id.* ¶¶ 155-160).

None of these amendments cures the defects with Mr. Coffelt's original complaint.  Mr. Coffelt still has not plausibly alleged access of his copyrighted works by anyone, whether Autodesk or Sony.  Nor has he plausibly alleged that his copyrighted works predate OSL or that OSL copied the ***expression*** of his ideas (as opposed to the uncopyrightable ideas themselves).  Absent plausible allegations of direct infringement, which Mr. Coffelt has not raised, none of his new causes of action for contributory infringement or vicarious liability can survive.  Finally, his fifth cause of action is directed to Sony—which is not even a party to this case.

Mr. Coffelt's copyright infringement allegations reflect nothing more than conjecture and speculation and remain premised on purported functional and uncopyrightable similarities. Because the SAC still fails to state a claim upon which relief may be granted, and because Mr. Coffelt has already amended his complaint twice, Autodesk asks the Court to dismiss it without leave to amend.

## II.   BACKGROUND

**Mr. Coffelt's Prior *Pro Se* Lawsuits.**  As Autodesk explained in its prior motion to dismiss, Mr. Coffelt is no stranger to this District.  After being incarcerated, he filed three *pro se* cases against the CDC or its officials on parole-related issues.  *See Coffelt v. Cal. Dep't of Corrections*, No. 5:12-cv-00037-RGK (C.D. Cal. Jan. 18, 2012); *Coffelt v. Baker*, No. 5:13-cv-00568-RGK (C.D. Cal. Apr. 3, 2013); *Coffelt v. Cal. Dep't of Correction & Rehabilitation*, No. 5:13-cv-

1   00902-RGK (C.D. Cal. May 28, 2013).  Mr. Coffelt also previously sued Autodesk

2   and others, again *pro se,* for alleged patent infringement in 2016.  *See Coffelt v.*

3   *Nvidia Corp.*, No. 5:16-cv-00457-SJO (C.D. Cal. Mar. 14, 2016) ("*Nvidia*").

4        None of Mr. Coffelt's cases has survived a motion to dismiss.  For example,

5   in his prior lawsuit against Autodesk, Mr. Coffelt asserted U.S. Patent No.

6   8,614,710 ("the '710 patent").  The '710 patent was filed on August 22, 2011,

7   published on February 28, 2013, and issued on August 24, 2013.  Judge Otero

8   dismissed Mr. Coffelt's lawsuit under Rule 12(b)(6) because his patent was directed

9   to unpatentable subject matter under 35 U.S.C. § 101.  *See Coffelt v. Nvidia,* No.

10   CV 16-00457 SJO (KKx), 2016 U.S. Dist. LEXIS 185157 (C.D. Cal. June 21,

11   2016).  The Federal Circuit agreed, affirming Judge Otero's holding that the '710

12   patent related to an unpatentable abstract idea.  *See Coffelt v. Nvidia*, 680 F. App'x

13   1010 (Fed. Cir. 2017) (unpublished).

14        **Mr. Coffelt's Original Complaint.**  Mr. Coffelt's latest lawsuit is just as

15   defective as his prior ones.  His current theories essentially rehash his patent case

16   against Autodesk, only now presented as a copyright case.  (*Compare* Dkt. No. 1

17   *with Nvidia* Compl. (Hung Decl. Ex. A).)

18        Mr. Coffelt's allegations in his dismissed copyright complaint were premised

19   on a user's ability to create images with realistic shadows using Autodesk's

20   software.  (*Compare, e.g.*, Dkt. No. 1 ¶¶ 20, 41-42 (referring to "photorealistic

21   digital images", "photorealistic image[s]" and "photorealistic shadows") *with*

22   *Nvidia* Compl. ¶¶ 11, 22, 24, 26, 28-31, 33, 36, 41-45, 51-54, 59, 63 (referring to

23   "high resolution realistic complex 3D shadows" and "realistic 3D shadows").)

24   Mr. Coffelt claimed that Autodesk's software achieves this functionality by

25   incorporating Sony's OSL language, which was publicly released on January 14,

26   2010.  (Dkt. No. 1 ¶¶ 24-26, 60-65, 70; Dkt. No. 21-2 (Sony press release).)

27        Mr. Coffelt further contended that, after his incarceration and while on

28   parole, CDC officials "forcefully took" copies of his copyrighted works, which

3

1  Autodesk then obtained due to its "significant relationship" with the CDC. (Dkt.

2  No. 1 ¶¶ 22-23, 78-80.) In addition or in the alternative,[1] Mr. Coffelt alleged that

3  Autodesk "attained [*sic*] access to Coffelt's copyrighted works on February 28,

4  2013," when the application for his '710 patent published. (*Id.* ¶¶ 21, 77.)

5      Mr. Coffelt's original complaint included a single count for infringement of

6  Copyright No. TXu 2-037-997. (*Id.* ¶ 85.) That work was "[c]omplet[ed]" and

7  "[p]ubli[shed]" in 2016 and first registered at the very end of that year, on

8  December 28, 2016. (*Id.* Ex. 126.) Mr. Coffelt concluded his complaint by seeking

9  $33 billion in damages. (*Id.* ¶¶ 88, 93.)

10     **The Court's Dismissal Order.** On November 21, 2017, the Court granted

11  Autodesk's motion to dismiss the complaint. (Dkt. No. 29.) Although allowing

12  Mr. Coffelt leave to amend, the Court advised him to "carefully evaluate the

13  contentions set forth in defendant's Motion." (*Id.* at 2.)

14     Among other things, the Court noted its "skeptic[ism] that plaintiff has

15  sufficiently alleged facts to support his claim for copyright infringement." (*Id.*)

16  This was because Mr. Coffelt needed to "allege facts regarding the copying of his

17  copyrighted works, not simply the ideas underlying his copyrighted works." (*Id.*)

18  The Court further expressed its "concern[] that the allegedly infringing work,"

19  OSL, "predates plaintiff's copyrighted work." (*Id.*)

20     **The First and Second Amended Complaints.** Mr. Coffelt served his First

21  Amended Complaint on November 30, 2017. (Dkt. No. 31.) Less than three weeks

22  later, Mr. Coffelt moved for leave to file the SAC on December 18, 2017. (Dkt.

23  No. 32.) The Court granted Mr. Coffelt's unopposed motion on January 3, 2018,

24  and Mr. Coffelt filed his SAC that same day. (Dkt. Nos. 34, 35.)

25

26

27  _____

28  [1] As it remains difficult to discern Mr. Coffelt's precise arguments, Autodesk
    presents its best understanding of his positions in this motion.

The SAC essentially copied all of the allegations from the original complaint, but added certain details and several causes of action.  For example, the SAC clarified Mr. Coffelt's positions that:

- Autodesk's alleged infringement stems from its products' use of OSL (Dkt. No. 35 ¶¶ 20-22, 25-26, 67-72, 81-96);

- OSL infringes because it produces the same *results* as Mr. Coffelt's copyrighted works (*id.* ¶ 104);

- Autodesk allegedly contributes to and is vicariously liable for copyright infringement because Mr. Coffelt wrote Autodesk executives about his copyrighted works in April 2017 (*id.* ¶¶ 23-24, 97-103, 110); and

- The alleged novelty of Mr. Coffelt's *ideas* for creating photorealistic images, OSL's use of those *ideas*, Sony and Autodesk's distribution of OSL, and the identical *results* obtained from using OSL and Mr. Coffelt's copyrighted works prove infringement (*id.* ¶¶ 36).

Mr. Coffelt further identified additional copyrighted works, alleged that some of these had been created between 2010 and 2013, and provided copyright numbers for those that have been registered.  (*Id.* ¶¶ 39-45.)  He also pointed to two YouTube videos showing images that can be created using his copyrighted works.  (*Id.* ¶ 49.)  Mr. Coffelt also created an exhibit to try to explain how his "Photorealistic Gradient Work" (Copyright No. TX-8-447-381) and OSL use similar ideas, such as the "direction of view" and a "reflection vector."  (*Id.* ¶¶ 66-69, Exs. 102,[2] 121.)

Finally, Mr. Coffelt amended his first cause of action to identify additional copyrighted works and adds six new causes of action, summarized below.  These included a cause of action against Sony, which is not a party to this action.

---

[2] SAC paragraph 66 apparently refers to the wrong copyright number.  (*Compare with id.* ¶ 41, Ex. 102.)

| Cause of Action | Theory | Copyrighted Works[3] |
|---|---|---|
| 1st (amended) (¶¶ 115-124) | Direct infringement (Autodesk) | • TX 8-447-381 (Ex. 102)<br>  o Created 2013, published Mar. 17, 2013, registered June 12, 2017<br>• Case No. 1-5121154211 (Ex. 101)<br>  o Created Oct. 20, 2010, filed May 13, 2017<br>• TXu 2-049-564 (Ex. 103)<br>  o Completed 2013, registered Dec. 13, 2016 |
| 2nd (new) (¶¶ 125-134) | Contributory infringement (Autodesk) | • Same as 1st |
| 3rd (new) (¶¶ 135-144) | Vicarious liability (Autodesk) | • Same as 1st |
| 4th (new) (¶¶ 145-154) | Vicarious liability (Autodesk) | • TXu 2-035-517 (Ex. 100)<br>  o Completed 2013, registered Dec. 14, 2016<br>• TX 8-356-641 (Ex. 104)<br>  o Completed 2011, first published Mar. 14, 2016, registered Dec. 15, 2016 |
| 5th (new) (¶¶ 155-160) | Direct infringement (Sony) | • Same as 1st |
| 6th (new) (¶¶ 161-170) | Vicarious liability (Autodesk) | • TX 8-400-276 (Ex. 106)<br>  o Completed 2017, first published Jan. 10, 2017, registered Jan. 13, 2017 |
| 7th (new) (¶¶ 171-180) | Contributory infringement (Autodesk) | • Same as 6th |

Although Mr. Coffelt repeated his demand for $33 billion in damages in his SAC (*id.* ¶ 182), he did not address the deficiencies that both the Court and Autodesk identified.  For example:

- Mr. Coffelt still does not plausibly explain how Autodesk, Sony, or Larry Gritz (an OSL designer) accessed Mr. Coffelt's copyrighted works—whether through CDC agents or otherwise.

- Although Mr. Coffelt still alleges that Autodesk "attained access" to his patent application when that application published (*id.* ¶ 105), he does not attempt to link that patent application to any protected and copyrightable expression.

---

[3] Dates are taken from the exhibits themselves or from their copyright registrations.

- Mr. Coffelt continues to confuse patent and copyright protection, arguing that OSL and Autodesk's products necessarily infringe because they use similar concepts and produce "identical" results. (*Id.* ¶ 104.)

- Mr. Coffelt still does not explain how his copyrighted work preceded or was published before OSL, such that Sony or Mr. Gritz possibly could have copied anything from him.

## III.   LEGAL STANDARD

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8, however, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must make "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, n.3 (2007). Such a showing "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

If a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face" and thereby "nudged [his] claims . . . across the line from conceivable to plausible," the complaint "must be dismissed" for failure to state a claim under Rule 12(b)(6). *Twombly*, 550 U.S. at 547. When reviewing a motion to dismiss under Rule 12(b)(6), a court must assume all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002). But pleadings containing "no more than conclusions[] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Only when there are "well-pleaded factual allegations" should a court "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). The "sheer

1  possibility that a defendant has acted unlawfully" is not enough. *Id.*  A complaint

2  that raises such a possibility only "allege[s] – but it has not 'show[n]' – 'that the

3  pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

4      Dismissal is appropriate if a complaint lacks a cognizable legal theory or

5  lacks sufficient facts to support a cognizable legal theory.  *See Mendiondo v.*

6  *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Dismissal also is

7  appropriate where plaintiff has alleged facts compelling a finding in favor of

8  defendant.  *See Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997)

9  ("[A] plaintiff may plead herself out of court." (citing *Warzon v. Drew*, 60 F.3d

10  1234, 1239 (7th Cir. 1995))).

11  **IV.   ARGUMENT**

12      Mr. Coffelt's amendments to his original complaint still have not nudged his

13  claims from "conceivable" to "plausible." *See Twombly*, 550 U.S. at 547.

14  Specifically, Mr. Coffelt still does not allege facts plausibly demonstrating that

15  Autodesk or Sony accessed or copied his copyrighted works.  Mr. Coffelt also

16  continues to confuse patent and copyright protection.  Because the allegations in his

17  SAC remain facially implausible and do not raise a claim for copyright

18  infringement, the Court should dismiss the SAC without leave to amend.

19      **A.   Mr. Coffelt Still Has Not Plausibly Alleged Access.**

20      It is axiomatic that copyright infringement requires access to the copyrighted

21  work.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361

22  (1991) (holding that copyright infringement requires proof of copying); *Three Boys*

23  *Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) ("Absent direct evidence

24  of copying, proof of infringement involves fact-based showings that the defendant

25  had 'access' to the plaintiff's work and that the two works are 'substantially

26  similar.'").  "To prove access, a plaintiff must show a reasonable possibility, not

27  merely a bare possibility, that an alleged infringer had the chance to view the

28

8

protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009).

"Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Id*. Access through an intermediary may be shown if there is "some overlap in subject matter to permit an inference of access." *Meta-Film Assocs., Inc. v. MCA, Inc*., 586 F. Supp. 1346, 1358 (C.D. Cal. 1984).

### 1.    Mr. Coffelt's Unamended "Parole" Access Theory Remains Implausible.

In his original complaint, Mr. Coffelt alleged that CDC agents "forcefully took" his copies of his copyrighted works in 2010, 2011, and 2013, while he was on parole. (Dkt. No. 1 ¶¶ 78-80; *see also id.* ¶¶ 22-23). Mr. Coffelt further alleged that these CDC agents then "caused [his] copyrighted works to be copied and distributed world wide [*sic*] without [his] authorization." (*Id.* ¶ 23.) Finally, Mr. Coffelt alleges that Autodesk accessed his copyrighted works via its "significant relationship with the CDC." (*Id.* ¶ 78.)

In his SAC, Mr. Coffelt did not change **one word** of these allegations. (*Compare* Dkt. No. 1 ¶¶ 22-23, 78-81 *with* 35, 106-109.) These allegations remain creative conjecture, at best.

For example, they still do not demonstrate that it is "reasonabl[y] possib[le]" that Autodesk ever copied Mr. Coffelt's work, as required to survive dismissal. *See Iqbal,* 556 U.S. at 680-81 (affirming dismissal of complaint that named U.S. Attorney General as the "principal architect" of an "invidious policy" and the Director of the Federal Bureau of Investigations as "instrumental" in adopting and executing that same policy). Moreover, Mr. Coffelt still provides no details and does not explain why any of the following would be plausible or even logical:

- CDC agents "forcefully took" copies of his copyrighted works;

- CDC agents "copied and distributed" Mr. Coffelt's works "worldwide"; and

- Autodesk and the CDC have a "significant relationship."

Mr. Coffelt's difficulty in demonstrating access is unsurprising.  His original grievance against Autodesk related to **patent** infringement.  Judge Otero subsequently held that his patent was invalid in 2016, and the Federal Circuit affirmed in 2017.  Only then did Mr. Coffelt embark on this campaign to register his source code as copyrights and sue Autodesk for copyright infringement.  But because Sony's development and Autodesk's support for OSL long predates these events, there of course is no evidence of access or copying.

Regardless, even assuming the truth of these allegations, they still do not plausibly demonstrate Autodesk's access.  Among other things, the business areas of Autodesk and the CDC lack any "overlap in subject matter," "as to permit an inference of access."  *Meta-Film,* 586 F. Supp. at 1358.  Accordingly, an alleged "significant relationship" between Autodesk and the CDC does not fairly imply the former's access to Mr. Coffelt's copyrighted works.  Nor has Mr. Coffelt pointed to any support for his claim that his copyrighted works were distributed at all, much less "widely distributed."  *See Rice v. Fox Broad. Co.,* 330 F.3d 1170, 1178 (9th Cir. 2003) (requiring evidence of commercial success or distribution through relevant media channels to show widespread dissemination).

As in his original complaint, Mr. Coffelt effectively concedes that he lacks plausible factual support for his "access" allegations.  He again contends that "[e]vidence of this significant relationship" and that "[e]vidence of this unauthorized copy of Coffelt's copyrighted work will be provided to this Court"— but then offers none.  (*Compare* Dkt. No. 1 ¶¶ 78-80 *with* Dkt. No. 35 ¶¶ 106-108.)

Mr. Coffelt's inability to allege plausible facts demonstrating Autodesk's access to his copyrighted works, standing alone, warrants dismissing his complaint.  Denying Mr. Coffelt further leave to amend would be appropriate here, as the Court

sf-3857707

1   previously admonished Mr. Coffelt to "allege facts regarding the copying of his

2   copyrighted works" (Dkt. No. 29 at 2) and he declined.

3          **2.     Mr. Coffelt's Unamended "Patent" Access Theory Also**
               **Remains Implausible.**
4

5          In his original complaint, Mr. Coffelt also alleged that "Autodesk attained

6   [*sic*] access to Coffelt's copyrighted works on February 28, 2013 by Coffelt's U.S.

7   patent No. 8,614,710 publication." (Dkt. No. 1 ¶ 77.)  He repeats this allegation

8   verbatim in his SAC.  (Dkt. No. 35 ¶ 105).

9          This allegation still does not demonstrate plausible access to any of

10  Mr. Coffelt's copyrighted works.  First, it does not follow from the U.S. Patent

11  Office's publication of one patent application (among thousands) that Autodesk

12  actually obtained access to and reviewed Mr. Coffelt's specific application.

13         Second, and more importantly, Mr. Coffelt has made no attempt to link any

14  protected, copyrightable expression to ***anything*** in his published patent application.

15  Accordingly, assuming *arguendo* that Autodesk could have accessed and, in fact,

16  did access Mr. Coffelt's patent application, that would not demonstrate access to

17  the copyrighted works underlying his causes of action.

18         **3.     Mr. Coffelt Offers No "OSL" Access Theory At All, Much**
               **Less a Plausible One.**
19

20         In his SAC, Mr. Coffelt emphasizes that Autodesk allegedly infringes due to

21  its products' use of OSL.  (*See, e.g., id.* ¶¶ 81-90.)  Mr. Coffelt also alleges that

22  Mr. Gritz of Sony developed OSL (*id.* ¶¶ 73-77) and that OSL and Mr. Coffelt's

23  copyrighted works are functionally identical (*id.* ¶¶ 65-72).

24         But even accepting Mr. Coffelt's new/clarified theory that Autodesk's

25  infringement arises from its use of OSL, and further assuming *arguendo* that OSL

26  and Mr. Coffelt's copyrighted works have similar results, these allegations still

27  would not suffice to state a claim for copyright infringement.

28

First, in both his original complaint and his SAC, Mr. Coffelt makes no attempt to allege that Sony or Mr. Gritz ever ***accessed*** his copyrighted works. Absent access to his copyrighted works, there can be no infringement. *See Feist* 499 U.S. at 361.

Second, any suggestion that Sony or Mr. Gritz accessed and therefore copied his copyrighted works simply would not be plausible. As Autodesk explained in prior motion, Sony publicly released OSL on January 14, 2010. (Dkt. No. 22 (Request for Judicial Notice); Dkt. No. 22-1 (Sony press release). Although Mr. Coffelt generally alleges that three of his works were "created in the year 2010" (Dkt. No. 35 ¶¶ 39, 40, 43 (referring to Exs. 100, 101, 104)), Mr. Coffelt does not try to argue that publication of any of these works ***predated*** OSL's January 14, 2010 release date.

Mr. Coffelt presumably could not do so, as all three copyrighted works ***postdate*** OSL's release:

| SAC Ex. No. | Copyright Registration | Dates |
|---|---|---|
| 100 (¶ 39) | TXu 2-035-517 | • "Completion/Publication" date of 2013<br>• "Effective Date of Registration" of Dec. 14, 2016 |
| 101 (¶ 40) | Unregistered | • "Modified/Created" on Oct. 20, 2010<br>• Application filed on May 13, 2017 |
| 104 (¶ 43) | TX 8-356-641 | • "Year of Completion" of 2011<br>• "Date of 1st Publication" of Mar. 14, 2016<br>• "Effective Date of Registration" of Dec. 15, 2016 |

Elsewhere in his SAC, Mr. Coffelt essentially admits that his copyrighted works postdate OSL, emphasizing that he "applied more than 10,000 hours of work directed to develop[ing] [his] . . . CAD programs and support programs. . . ***between the year 2010 through [sic] 2014***." (*Id.* ¶ 7.)

It is well established that "a prior-created work cannot infringe a later-created one." *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002) (affirming finding that complaint alleging copyright infringement by an earlier-created work

was frivolous).  In its prior dismissal order, the Court expressed its "concern[] that the allegedly infringing work predates plaintiff's copyrighted work."  (Dkt. No. 29 at 2.)  Despite two opportunities to amend, Mr. Coffelt still has not alleged facts demonstrating otherwise.

Because Mr. Coffelt has not alleged sufficient or plausible facts demonstrating that anyone—including Autodesk, Sony, or Mr. Gritz—ever accessed his copyrighted works, the Court can dismiss the SAC for this reason alone.  And because Mr. Coffelt has already filed two amended complaints without curing this deficiency, dismissal should be without leave to amend.

**B.      Even as Amended, Mr. Coffelt's Copyright Infringement Claims Are Based on Autodesk's Alleged Use of Unprotectable Ideas.**

"It is well established that copyright protection can extend to both literal and non-literal elements of a computer program." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1355 (Fed. Cir. 2014).  The literal elements of a computer program are its source code and object code.  *See Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*, 886 F.2d 1173, 1175 (9th Cir. 1989).  The non-literal components include the program's sequence, structure, organization, and user interface.  *See id.* Whether these non-literal components "are protected depends on whether, on the particular facts of each case, the component in question qualifies as an expression of an idea, or an idea itself." *Id.*

Regardless of whether protection extends to these literal or non-literal components, it is axiomatic that the copyright laws protects only the ***expression*** of ideas, not the ideas themselves or the functional or factual aspects of the work.  17 U.S.C. § 102; *see also Mazer v. Stein*, 347 U.S. 201, 217 (1954) ("Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea — not the idea itself."); *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1524 (9th Cir. 1992).

13

sf-3857707

### 1. The SAC Again Confirms that Mr. Coffelt Is Trying to Protect Uncopyrightable Ideas.

In his original complaint, Mr. Coffelt underscored his theory that Autodesk's products infringe because they supposedly use the same techniques to create photorealistic images. Mr. Coffelt provided drawings of the "concept" underlying his "Gradient Work" and the "linear equation used to derive [a] photorealistic surface gradient" to explain this:



(Dkt. No. 1 ¶¶ 57, 58, Ex. 106.)

Mr. Coffelt repeatedly emphasized that OSL allegedly infringed because it "creates results identical to Coffelt's CAD Work results." (*Id.* ¶ 60; *accord id.* ¶ 61 ("Furthermore, the results of OSL are identical to Coffelt's copyrighted work results.").) Elsewhere in his original complaint, he reiterated that Autodesk's infringement was based on the use of the same "concepts," such as the use of "direction of view" and a "reflection vector." (*Id.* ¶ 61.)

Mr. Coffelt's SAC makes these identical points. Except for deleting the word "concept," Mr. Coffelt uses the exact same terms and the exact same "linear equation" to describe his "Gradient Work" in his SAC. (Dkt. No. 35 ¶¶ 62, 63, Ex. 120.) Elsewhere in his amendments, he again emphasizes that Autodesk's alleged

14

1    infringement is based on its "identical results" (*id.* ¶¶ 36, 104) and its use of the

2    same concepts, such as "the direction of view" and a "reflection vector" (*id.* ¶ 78).

3            Because Mr. Coffelt is still alleging copyright infringement based on

4    Autodesk's copying of ideas—and not the expression of ideas, the Court should

5    dismiss his SAC.  *See Mazer,* 347 U.S. at 217.

6                    **2.    Mr. Coffelt's New Exhibit 121 Further Reinforces His Desire
                            to Protect Uncopyrightable Ideas.**

7

8            Recognizing that his original complaint failed to state a claim because it

9    failed to show Autodesk's or Sony's copying, Mr. Coffelt submits new Exhibit

10   121with his SAC.  According to Mr. Coffelt, Exhibit 121 confirms that Mr. Gritz

11   "dissect[ed]" fourteen lines of Mr. Coffelt's source code and then "distributed

12   [them] into various files in order to hide his copyright infringement."  (Dkt. No. 35

13   ¶¶ 66, 67.)

14           But Exhibit 121 does no such thing.  Even a cursory review of the exhibit

15   confirms the opposite—*i.e.,* that Mr. Coffelt is attempting to allege infringement

16   via OSL's use of uncopyrightable ideas.

17           For example, Mr. Coffelt deduces that OSL must be "equivalent" to a

18   copyrighted work (Ex. 102) because both use "direction of view" and a "reflection

19   vector."  (*Id.* Ex. 102 at 115.)  But a computer program does not infringe merely

20   because it uses an "equivalent" idea.  *See Mazer,* 347 U.S. at 217.  And regardless,

21   the OSL source code excerpt at issue obviously did not "copy" an expression from

22   Mr. Coffelt's copyrighted work:

23
     | **Coffelt:** | 0000 | rflx = rptx - ptx00a; | **OSL:** | OSL::Dual2<OSL::Vec3>& wi |
24   |          | 0001 | rfly = rpty - pty00a; |      |                       |
25   |          | 0002 | rflz = rptz - ptz00a; |      |                       |

26   (Dkt. No. 35 Ex. 102 at 115.)

27           The remainder of Exhibit 121 is no different.  For ***each and every one*** of the

28   other fourteen lines from Exhibit 102, Mr. Coffelt alleges that OSL infringes

15

1   because it is "based on [the] direction of view and [a] reflection vector." (*Id.* Ex.

2   102 at 116-124.)  But there are no similarities between the expressions of the ideas

3   in those lines and the allegedly corresponding source code in OSL.  (*Id.*)

4        Rather than state a claim for copyright infringement, Mr. Coffelt's amended

5   allegations confirm that his copyright infringement claims are not viable.  *See*

6   *Weisbuch*, 119 F.3d at 783 n.1 ("[A] plaintiff may plead herself out of court.").  In

7   particular, Mr. Coffelt's analysis demonstrates that he seeks to protect an idea, and

8   not his expression of that idea.  The Court therefore should dismiss his SAC for this

9   reason as well.[4]  *See Mazer*, 347 U.S. at 217 (copyright protection "is given only to

10  the expression of the idea — not the idea itself.").

11       **C.    Absent Direct Infringement, Mr. Coffelt's Other Theories Fail.**

12       In his SAC, Mr. Coffelt added two causes of action for contributory

13  infringement (Second and Seventh) and three for vicarious liability (Third, Fourth,

14  and Sixth) against Autodesk.  Mr. Coffelt also added a cause of action for direct

15  infringement (Fifth) against Sony.  All of these causes of action must fail.

16       Any cause of action for secondary liability against Autodesk requires an

17  underlying act of direct infringement.  *See Metro-Goldwyn-Mayer Studios Inc. v.*

18  *Grokster, Ltd.*, 545 U.S. 913, 930 (2005).  As explained above, however,

19  Mr. Coffelt has failed to state a claim for direct copyright infringement for multiple

20  reasons.  Among other things, Mr. Coffelt has not sufficiently or plausibly alleged

21  access of his copyrighted works by anyone, and his copyright infringement

22  allegations seek to protect uncopyrightable ideas.  Absent a predicate act of direct

23

24  _____

25  [4] Should the Court determine that Mr. Coffelt's allegations sufficiently state a claim
    for copyright infringement as to Exhibit 102 (Copyright No. TX-8-447-381), it still
    should dismiss the complaint.  This is because Mr. Coffelt has not attempted to
26  show "equivalence" for any other copyrighted work besides Exhibit 102,
    warranting the dismissal of all causes of action that do not rely on that exhibit.  But
27  even as to the causes of action that do rely on that exhibit, Mr. Coffelt still has
    failed to plausibly allege Autodesk's or Sony's access to his copyrighted works for
28  the reasons previously explained.

1    infringement to support his indirect infringement allegations, the Court should

2    dismiss the Second, Third, Fourth, Sixth, and Seventh Causes of Action.

3          As for Mr. Coffelt's Fifth Cause of Action against Sony, Sony is not even a

4    defendant, and Mr. Coffelt has not sought leave to join Sony in this action.

5    Regardless, Mr. Coffelt's direct infringement allegations against Sony are deficient

6    for the same discussed reasons above.

7          **D.    Dismissal Should Be Without Leave to Amend**

8          Mr. Coffelt's Second Amended Complaint represents his ***fourth*** bite at the

9    proverbial apple.  After Judge Otero dismissed his prior patent infringement lawsuit

10   because the patent was invalid, Mr. Coffelt re-styled those allegations as arising

11   under copyright law and then filed a new action with this Court.  And after this

12   Court dismissed his copyright infringement complaint, Mr. Coffelt amended his

13   complaint twice to try to cure its many deficiencies.

14         Several months into this litigation, however, Mr. Coffelt still cannot

15   plausibly allege that Autodesk or Sony ever accessed his copyrighted works—

16   whether via a CDC agent during his parole or his published patent application.  And

17   Mr. Coffelt's latest amendments underscore his desire to protect his

18   uncopyrightable (and unpatentable) ideas for creating photorealistic images.

19         When previously allowing him leave to amend his original complaint, the

20   Court specifically admonished Mr. Coffelt to "carefully evaluate the contentions set

21   forth in [Autodesk's] [m]otion" in preparing his amended complaint.  (Dkt. No. 29.)

22   But neither of his two amendments to his complaint addressed its deficiencies.

23         Because the Court "pointed out these deficiencies in its Order dismissing his

24   previous Complaint, and [Mr. Coffelt] has done nothing to address them," the

25   dismissal of his SAC should be without leave to amend.  *See Turner v. Cal. Dep't*

26   *of Corr. Rehab.,* No. 16-cv-6764-PA (JPR), 2017 U.S. Dist. LEXIS 104502, at *12

27   (C.D. Cal. May 25, 2017); *see also Gonzalez-Reyes v. U.S. Bank Nat'l Ass'n,* No.

28   14-cv-233-FMO (JEMx), 2015 U.S. Dist. LEXIS 182194, at *22 (Feb. 17, 2015)

1  (considering factors such as "whether the plaintiff has previously amended his or

2  her complaint" when assessing leave to amend).

3  **V.  CONCLUSION**

4      Mr. Coffelt's latest *pro se* lawsuit is merely his prior, unsuccessful patent

5  lawsuit re-presented as a copyright case.  But Autodesk has already spent ***hundreds***

6  ***of thousands of dollars*** defending against Mr. Coffelt's lawsuits and his ***hundreds***

7  ***of discovery requests***, despite the lack of merit to his claims and his billion-dollar

8  demand.[5]

9      The time has come to end this litigation, which is both vexatious and

10  frivolous.  Because Mr. Coffelt has already attempted to amend his complaint twice

11  now unsuccessfully, Autodesk respectfully asks that the Court dismiss his Second

12  Amended Complaint without leave to amend.

13  Dated:    January 24, 2018            By:_____/s/ Richard S.J. Hung_____

14

15                                 MORRISON & FOERSTER LLP
                                   Attorneys for Defendant
16                                 AUTODESK, INC.

17

18

19

20

21

22

23

24

25

26

27  _____
[5] Autodesk concurrently is moving to stay discovery pending the Court's

28  determination that Mr. Coffelt has failed to state a claim or, alternatively, that he
has finally succeeded in doing so.

sf-3857707