RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
ROBIN L. BREWER (CA SBN 253686)
rbrewer@mofo.com
CHRISTOPHER J. WIENER (CA SBN 280476)
cwiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ROSE LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5428
Facsimile: (213) 892-5454

Attorneys for Autodesk, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. COFFELT, JR.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AUTODESK, INC., a Delaware Corporation,<br><br>　　　　　　Defendant. | Case No.: 5:17-cv-01684-FMO-SHK<br><br>**DEFENDANT AUTODESK, INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**<br><br>Date:　　　　February 22, 2018<br>Time:　　　　10:00 a.m.<br>Courtroom:　　6D, 6th Floor<br><br>Hon. Fernando M. Olguin |

sf-3850363

1  TO ALL PARTIES AND THEIR COUNSEL FOR RECORD:

2  PLEASE TAKE NOTICE that on February 22, 2018, at 10:00 a.m., or as
3  soon as the matter may be heard, in Courtroom 6D of the United States District
4  Court of the Central District of California, located at 350 W. 1st Street, Los
5  Angeles, California 90012, Defendant Autodesk, Inc. ("Autodesk") will move to
6  stay discovery in this action pending the Court's dismissal of this action without
7  leave to amend, or, alternatively, its determination that Mr. Coffelt has successfully
8  stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

9  Autodesk bases this Motion is on this Notice of Motion, its Memorandum of
10 Points and Authorities, the declaration of Richard Hung ("Hung Decl.") and
11 attached exhibits, and all other written or oral arguments or evidence that the parties
12 may present to the Court relating to this Motion.

13 Autodesk brings this motion following a conference between Mr. Coffelt,
14 proceeding *pro se*, and Autodesk's counsel on January 8, 2018.

sf-3850363

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................... 1
II. BACKGROUND .............................................................................................. 2
III. ARGUMENT ................................................................................................... 6
IV. CONCLUSION ................................................................................................ 7

i
sf-3850363

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Landis v. North Am. Co.*, 299 U.S. 248 (1936) ....................................................... 5, 6

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) ................................ 6

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) ................................................................................................ 6, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court dismissed Mr. Coffelt's original *pro se* complaint for alleged copyright infringement on November 21, 2017. Although Mr. Coffelt has since amended his complaint twice, his amendments do not cure the defects that led to the Court's dismissal order. For example, he still does not explain when, how, or why it would be plausible that California Department of Corrections ("CDC") agents "forcefully took" his copyrighted source code while he was on parole and gave it to Autodesk. (*See, e.g.,* Dkt. No. 1 (Compl.) ¶¶ 60-64.) Nor does he explain how the Open Shading Language, which **predates** his copyrighted works, could conceivably form the basis of a copyright infringement claim. Autodesk therefore has moved to dismiss Mr. Coffelt's Second Amended Complaint as well. (Dkt. No. 39.)

While that motion remains pending, Autodesk asks that the Court stay discovery. Despite the obvious lack of merit to his claims, Mr. Coffelt has attempted to serve or served **348 discovery requests** on Autodesk. These requests seek information that is plainly irrelevant to his copyright infringement claims. For example, his "Request for Information" No. 63 asks: "Does the Pixar Movie ('Monsters Inc.') display a photorealistic image?" Mr. Coffelt propounded this request even though **Pixar is not a defendant** in this case.

Besides burdening Autodesk with the obligation to respond to his discovery requests, Mr. Coffelt also has burdened the Court with two related motions to compel. The Court denied his first motion based on Mr. Coffelt's misunderstanding and misapplication of the Local and Federal Rules, and the second remains pending. (*See* Dkt. Nos. 20 (Order denying first motion to compel), 37 (Joint Stipulation relating to Mr. Coffelt's second motion).)

As Mr. Coffelt's four prior *pro se* lawsuits in this District demonstrate, he will not hesitate to press his claims against adversaries and burden the Court regardless of their actual merits. Unless discovery is stayed, Mr. Coffelt almost

certainly will continue to burden Autodesk and the Court with additional and unnecessary discovery requests and motion practice. Autodesk therefore urges the Court to exercise its inherent authority to manage these proceedings and to stay discovery pending the final dismissal of Mr. Coffelt's complaint without leave to amend, or, alternatively, the Court's determination that Mr. Coffelt has successfully stated a claim under Rule 12(b)(6).

## II. BACKGROUND

**Mr. Coffelt's Prior *Pro Se* Lawsuits.** Mr. Coffelt is no stranger to *pro se* litigation in this District. After being incarcerated, he filed three cases against the CDC or its officials on parole-related issues. *See Coffelt v. Cal. Dep't of Corrections*, No. 5:12-cv-00037-RGK (C.D. Cal. Jan. 18, 2012); *Coffelt v. Baker*, No. 5:13-cv-00568-RGK (C.D. Cal. Apr. 3, 2013); *Coffelt v. Cal. Dep't of Correction & Rehabilitation*, No. 5:13-cv-00902-RGK (C.D. Cal. May 28, 2013). Mr. Coffelt also previously sued Autodesk and others, again *pro se,* for allegedly infringing U.S. Patent No. 8,614,710 in 2016. *See Coffelt v. Nvidia Corp.*, No. 5:16-cv-00457-SJO (C.D. Cal. Mar. 14, 2016) ("*Nvidia*").

None of Mr. Coffelt's cases has survived a motion to dismiss.

**Mr. Coffelt's Latest *Pro Se* Lawsuit.** Mr. Coffelt's current lawsuit essentially is a rehash of his unsuccessful patent case against Autodesk, only now presented as a copyright case. (*Compare* Dkt. No. 1 *with Nvidia* Compl.) Mr. Coffelt alleges that Autodesk has infringed his copyrights based on purported functionality similarities between the accused Autodesk products and Mr. Coffelt's source code. (*See, e.g.,* Dkt. No. 1 ¶¶ 60-64.)

Per Mr. Coffelt, Autodesk obtained access to Mr. Coffelt's copyrighted works via its "significant relationship" with the CDC. (*Id.* ¶ 78.) In particular, Mr. Coffelt alleges that CDC officials "forcefully took copies" of his works, which Autodesk then somehow obtained. (*Id.* ¶¶ 22-23, 78-80.) In the alternative—and confusing patent and copyright protection—Mr. Coffelt alleges that "Autodesk

2

1  attained access to Coffelt's copyrighted works on February 28, 2013" by reviewing
2  his patent application when it published.  (*Id.* ¶¶ 21, 77.)

3      **The Court's Dismissal Order.**  On November 21, 2017, the Court dismissed
4  Mr. Coffelt's original complaint with leave to amend.  The Court expressed its
5  skepticism that Mr. Coffelt has "sufficiently alleged facts to support his claim of
6  copyright infringement."  (Dkt. No. 29 at 2.)  The Court emphasized that
7  Mr. Coffelt must "allege facts regarding the copying of his copyrighted works," and
8  "not simply the ideas underlying his copyrighted works."  (*Id.*)  The Court further
9  noted its concern that the "allegedly infringing work predates plaintiff's
10 copyrighted work."  (*Id.*)

11     **The Second Amended Complaint.**  Mr. Coffelt subsequently filed two
12 amended complaints—first on November 30, 2017, and then on January 3, 2018.
13 Autodesk did not oppose the filing of either amended complaint.

14     Mr. Coffelt's Second Amended Complaint does not cure the issues with his
15 original complaint.  Among other things, Mr. Coffelt still does not raise a plausible
16 theory for how Autodesk allegedly had access to his copyrighted works.  As with
17 his original complaint, Mr. Coffelt still alleges without any rational basis that CDC
18 agents "forcefully took" his works and presumably then gave them to Autodesk.
19 (Dkt. No. 35 (Am. Compl.) ¶¶ 106-108.)  Mr. Coffelt also still continues to confuse
20 patent protection, which protects ideas, with copyright protection, which protects
21 the expression of original works.  For example, he continues to base his ***copyright***
22 infringement allegations on Autodesk's alleged review of his ***patent*** application.
23 And as with his original Complaint, Mr. Coffelt still seeks $33 billion in damages.

24     For the reasons explained in Autodesk's concurrently filed motion to dismiss,
25 Mr. Coffelt's Second Amended Complaint still does not raise plausible factual
26 allegations entitling him to relief.  (Dkt. No. 39.)  The Court therefore should
27 dismiss that complaint as well, but without leave to amend.
28

**Mr. Coffelt's Fifteen Sets of Discovery.** To date, Mr. Coffelt has attempted to serve *fifteen sets of discovery* spanning *348 requests*. These requests are summarized below:

| Date | Type | Total Reqs. | Status |
| --- | --- | --- | --- |
| Aug. 24, 2017 | Interrogs. – Set 1 | 8 | Withdrawn on Nov. 8, 2017 |
| Aug. 24, 2017 | Interrogs. – Set 2 | 4 | Withdrawn on Nov. 8, 2017 |
| Aug. 24, 2017 | Interrogs. – Set 3 | 8 | Withdrawn on Nov. 8, 2017 |
| Aug. 25, 2017 | Reqs. for Prod. of Docs. | 4 | Withdrawn on Nov. 8, 2017 |
| Aug. 25, 2017 | "Reqs. for Info." – Set 1 | 8 | Withdrawn on Nov. 8, 2017 |
| Aug. 25, 2017 | "Reqs. for Info." – Set 2 | 12 | Withdrawn on Nov. 8, 2017 |
| Sept. 6, 2017 | "Reqs. for Info." – Set 3 | 66 | Motion to compel denied on Oct. 17, 2017; also withdrawn on Nov. 8, 2017 |
| Sept. 10, 2017 | "Reqs. for Info." – Set 4 | 4 | Motion to compel denied on Oct. 17, 2017; also withdrawn on Nov. 8, 2017 |
| Nov. 8, 2017 | "Reqs. for Info." | 95 | Objections & responses served on Dec. 11, 2017 |
| Dec. 3, 2017 | Reqs. for Admiss. – Set 1 | 37 | Withdrawn on Dec. 13, 2017 |
| Dec. 10, 2017 | Reqs. for Admiss. – Set 2 | 21 | Withdrawn on Dec. 13, 2017 |
| Dec. 13, 2017 | Reqs. for Admiss. – Set 3 | 24 | Objections & responses served on Jan. 16, 2018 |
| Dec. 13, 2017 | Reqs. for Admiss. – Set 4 | 37 | Objections & responses served on Jan. 16, 2018 |
| Dec. 26, 2017 | Reqs. for Admiss. – Set 5 | 13 | Objections & responses due on Jan. 29, 2018 |
| Jan. 19, 2017 | "Reqs. for Info. No. 2" [*sic*] | 8 | Objections & responses due on Feb. 22, 2018 |

Objecting and responding to Mr. Coffelt's discovery have been especially burdensome for several reasons:

**First**, despite being a repeat *pro se* litigant, Mr. Coffelt does not understand several aspects of basic procedure. Among other things, Mr. Coffelt:

- Attempted to serve document requests, interrogatories, and "requests for information" before the parties conferred in violation of Rule 26(d)(1);

- Attempted to serve discovery directly on Autodesk's President and CEO;

- Attempted to serve discovery by e-mail, despite never seeking Autodesk's agreement to that form of service under Rule 5(b)(2)(E);

- Attempted to serve over 70 interrogatories in violation of Rule 33(a)(1);

- Did not sequentially number the requests in his different sets of discovery, in contravention of Local Rules 33-1, 34-1, and 36-1;

- Confusingly combined interrogatories and requests for production in the same set of discovery requests, such that it is unclear which is which. (*See, e.g.,* Req. No. 23 in Nov. 8, 2017 "Request for Information" (requesting a "technical drawing explaining how Autodesk 2010 derives a pixel column for a user's drawing. *e.g.* [*sic*] an explanation of the components of ray tracing if appropriate").)

**Second**, Mr. Coffelt's discovery requests reveal his confusion over what is protected by patent law (*i.e.,* ideas) and what is protected by copyright law (*i.e.,* the expression of an original work). The result is that the overwhelming majority of Mr. Coffelt's discovery requests seek information that is irrelevant to his copyright infringement claims—or even any party in the case. (*See, e.g.,* Ex. A at Req. No. 63 ("Does the Pixar [m]ovie ('Monsters Inc.') display a photorealistic image?").)

**Third**, Mr. Coffelt has repeatedly withdrawn requests long after attempting to serve them—and after Autodesk has already begun assessing its response.

**Finally**, as Court's dismissal of his first complaint and Autodesk's pending motion to dismiss confirm, Mr. Coffelt's claims in this action simply lack merit.

Despite the many issues with Mr. Coffelt's claims and his discovery requests, he has indicated his willingness to burden the Court with his discovery issues repeatedly. The Court denied his first motion to compel both as premature and for failure to follow the Local Rule requirements for meeting and conferring. (Dkt. No. 20.) Mr. Coffelt has since filed a second motion to compel. (Dkt. No. 37.)

## III. ARGUMENT

A district court has the inherent power to stay its proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). When considering a motion to stay discovery, district courts usually consider three factors: (1) the potential prejudice to the non-moving party; (2) any hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by a stay. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). All of these factors favor a stay of discovery here.

**Absence of Prejudice to Mr. Coffelt.** A stay of discovery while the Court assesses the sufficiency of Mr. Coffelt's claims would not prejudice Mr. Coffelt. Mr. Coffelt does not require discovery to oppose Autodesk's motion to dismiss. Moreover, the stay would only need to be of limited duration and would end when (or if) the Court determined that he has filed an adequate complaint that avoids dismissal under Rule 12(b)(6).

**Hardship to Autodesk Absent Stay.** By contrast, forcing Autodesk to respond to Mr. Coffelt's discovery requests would be burdensome. As noted above, objecting and responding to Mr. Coffelt's *pro se* requests has been difficult, to say the least. Autodesk has filed its second motion to dismiss specifically to challenge the legal sufficiency of Mr. Coffelt's claims and to avoid unnecessary fees and expenses, consistent with Rule 12's purpose. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

**Judicial Resources Saved.** Finally, a stay of discovery would conserve judicial resources. This Court has already devoted significant resources to granting Autodesk's first motion to dismiss and denying Mr. Coffelt's first motion to

1  compel.  Staying discovery in this action while Autodesk's second motion to
2  dismiss is pending would preserve additional resources, such as time necessary to
3  address Mr. Coffelt's latest motion to compel and expected future motions.  *See id.*
4  ("It is sounder practice to determine whether there is any reasonable likelihood that
5  plaintiffs can construct a claim before forcing the parties to undergo the expense of
6  discovery.").

7  **Duration of Stay.**  Autodesk proposes that the stay be in effect until either:
8  (i) the Court dismisses this action without leave to amend; or (ii) Mr. Coffelt finally
9  states a claim that survives dismissal.  If otherwise, and the Court granted
10 Mr. Coffelt leave to amend, Mr. Coffelt would continue to serve discovery request
11 upon discovery request while Autodesk prepared its next motion to dismiss.  In the
12 meantime, Autodesk would be obligated to respond to Mr. Coffelt's continued
13 requests even though his claims remain non-viable.

## IV. CONCLUSION

A limited stay of discovery while the Court assesses the legal sufficiency of Mr. Coffelt's claims would not prejudice Mr. Coffelt and preserve both the parties' and the Court's resources.  Autodesk therefore respectfully asks that the Court stay discovery pending the dismissal of this action without leave to amend or, alternatively, the Court's determination that Mr. Coffelt has successfully stated a claim under Rule 12(b)(6).

Dated:  January 24, 2018            By:    */s/ Richard S.J. Hung*

MORRISON & FOERSTER LLP
Attorneys for Defendant
AUTODESK, INC.