1    Louis A. Coffelt, Jr.

2    email: Louis.Coffelt@gmail.com

3    231 E. Alessandro Blvd., Ste 6A-504

4    Riverside, CA 92508

5    Phone: (951) 790-6086

6    Pro Se

7

8            **UNITED STATES DISTRICT COURT**

9               for the Central District of California

10

11    Louis A. Coffelt, Jr.,     )    Case No.:  **5:17-cv-01684-FMO-SHK**

12         Plaintiff,     )

13        --v.--       )

14    Autodesk, Inc.,      )    **OPPOSITION TO MOTION**

15        Defendant.    )   **TO DISMISS COMPLAINT,  Fed. R. Civ. P. 12(b)(6)**

16

17

18              Date: February 22, 2018

19              Time: 10:00 a.m.

20              Courtroom:   6D, 6th Floor

21              Hon. Fernando M. Olguin

22

23

24       Plaintiff, Louis A. Coffelt, Jr. (Coffelt), *pro se*, file this response in opposition to

25    Autodesk, Inc. Motion to Dismiss (Dkt. No. 39) (Motion) filed January 24, 2018, pursuant to Fed. R.

26    Civ. P. 12(b)(6) for failure to state a claim.

27

28

1

## TABLE OF CONTENTS

2

                                                                                        Page

3  I.   SUMMARY OF THE ARGUMENT ................................................. 1

4  II.  LEGAL STANDARD ............................................................... 1

5  III. ARGUMENT ..................................................................... 3

6        A. Elements of First Cause of Action, Direct Infringement ...................................... 3

7        B. Elements of Second Cause of Action, Contributory Infringement ......................... 3

8        C. Elements of Third Cause of Action, Vicarious Liability ..................................... 4

9        D. Elements of Fourth Cause of Action, Vicarious Liability....................…..…........... 4

10       E. Elements of Fifth Cause of Action, Direct Infringement ...................................…..... 5

11       F. Elements of Sixth Cause of Action, Vicarious Liability.......................................…..... 5

12       G. Elements of Seventh Cause of Action, Contributory Infringement........................…..... 6

13       H. Second Amended Complaint inadvertently omits facts directed to "access" to

14          Coffelt's Copyrighted Works ..................................................................…....... 6

15       I. Autodesk's Misstated Paraphrase of Second Amended Complaint .......................... 6

16       J. Autodesk's Motion to Dismiss does not Address All Basis of the Claims to

17          Copyright Infringement ........................................................................…....... 7

18       K. Autodesk's Evasive Discovery Responses Support All Claims are Plausible.............. 8

19       L. Autodesk Admits Connection with OSL ….......................................................…....... 8

20       M. Autodesk's Failure to Produce any Description of "Mapped Object Shadow" Support

21          Claims are Plausible……………..…......................................................…....... 8

22  IV.  CONCLUSION ........................................................................…............ 9

23

## TABLE OF AUTHORITIES

24  **Cases**                                                                              **Page**

25  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) ....................... 2

26  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................. 1

27  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .................................................... 1

28  *Oracle America, Inc.* v. *Google Inc.*, 750 F.3d 1339 (Fed.Cir. 2014) ................................. 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF THE ARGUMENT

Coffelt's Claims to copyright infringement against Autodesk, Inc. (Autodesk), are concise, cognizable, and plausible. The Claims allege both direct and indirect infringement:

(i) Sony Image Works derived and distributes infringing source code, Open Shading Language (OSL).

(ii) Autodesk made a copy of the infringing source code, OSL.

(iii) Autodesk is liable for contributory infringement of Coffelt's works.

(iv) Autodesk has vicarious liability directed to copyright infringement of Coffelt's works.

This basis begins by pointing out elements of these Claims, and identifying facts in the Second Amended Complaint (Dkt. No. 35) (SAC), which show that the Claims are plausible.

The Second Amended Complaint inadvertently omits facts directed to "access" to Coffelt's copyrighted work. If necessary, Coffelt will request to to add these missing facts to the Complaint.

Autodesk's Motion to Dismiss misstates facts in the SAC. Autodesk's Motion to Dismiss does not address all basis of claims to copyright infringement. There is no evidence in the record of this case that OSL predates Coffelt's copyrighted works.

Autodesk's evasive Discovery Responses support all claims are plausible.

Autodesk has alleged a source code affirmative defense in this action having a title "Mapped Object Shadow". However, Autodesk has not produced any description or location of that alleged affirmative defense. Autodesk has not produced any description or location of any source code affirmative defense.

Autodesk admits a connection with Sony Image Works, OSL. This admission is explicit evidence that copyright infringement claims are plausible.

For these foregoing reasons, and those following, Coffelt believes this Court should deny Autodesk's Motion to Dismiss (Dkt. No. 39) the SAC.

### II.   LEGAL STANDARD

A claim has "facial plausibility" when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This

1   "plausibility" standard is "not akin to a 'probability requirement,' but it asks for more than a sheer

2   possibility that a defendant has acted unlawfully." *Id.*

3         The Supreme Court has specifically indicated that determining whether a complaint states a

4   plausible claim for relief under this standard is "a context-specific task that requires the reviewing

5   court to draw on its judicial experience and common sense." *Id.* at 679. Nevertheless, there are

6   boundaries to the reviewing court's discretion, though it may not always seem so in reviewing the

7   post-Iqbal case law. For example, the Second Circuit has decided that it is not the district court's task

8   in reviewing a motion to dismiss to decide between two plausible inferences that may be drawn from

9   the factual allegations in the complaint: "A court ruling on such a motion may not properly dismiss a

10  complaint that states a plausible version of the events merely because the court finds a different

11  version more plausible." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012),

12  cert. denied, 133 S. Ct. 846 (2013). Thus, "[t]he question at the pleading stage is not whether there is a

13  plausible alternative to the plaintiff's theory; the question is whether there are sufficient factual

14  allegations to make the complaint's claim plausible." *Id.* at 189. The Second Circuit's formulation of

15  the appropriate question recognizes that because the plausibility standard is lower than a probability

16  standard, "there may therefore be more than one plausible interpretation of a defenant's words,

17  gestures, or conduct. Consequently, although an innocuous interpretation of the defendant's' conduct

18  may be plausible, that does not mean that the plaintiff's allegation that that conduct was culpable is not

19  also plausible." *Id.* at 189-90. Even after *Twombly* and *Iqbal,* "in determining whether a complaint

20  states a claim that is plausible, the court is required to proceed 'on the assumption that all the [factual]

21  allegations in the complaint are true[,'] [e]ven if their truth seems doubtful." *Id.* at 185 (court's

22  emphasis) (quoting *Twombly,* 550 U.S. at 556). Because the plaintiff is entitled to the benefit of the

23  doubt, "it is not the province of the court to dismiss the complaint on the basis of the court's choice

24  among plausible alternatives"; rather, "the choice between or among plausible interpretations of the

25  evidence will be a task for the factfinder," assuming that the plaintiff "can adduce sufficient evidence

26  to support its factual allegations." *Id.* at 190.

27        When assessing whether the non-literal elements of a computer program constitute protectable

28  expression, the Ninth Circuit has endorsed an "abstraction-filtration-comparison" test formulated by

the Second Circuit and expressly adopted by several other circuits. *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1525 (9th Cir.1992) ("In our view, in light of the essentially utilitarian nature of computer programs, the Second Circuit's approach is an appropriate one."). This test rejects the notion that anything that performs a function is necessarily uncopyrightable. *See Mitel*, 124 F.3d at 1372 (rejecting the Lotus court's formulation, and concluding that, "although an element of a work may be characterized as a method of operation, that element may nevertheless contain expression that is eligible for copyright protection."). *Oracle America, Inc. v. Google Inc.*, 750 F.3d 1339 (Fed.Cir. 2014)

## III.  ARGUMENT

### A.  Elements of First Cause of Action, Direct Infringement

Coffelt's FIRST CAUSE OF ACTION is based on the allegation that Autodesk copied Coffelt's copyrighted works, including: TX0008447381, TXu002049564, or case No. 1-5121154211. Elements of this claim include:

(i) Facts which show Open Shading Language (OSL) is a derivative work based on Coffelt's copyrighted Gradient Work, Photorealistic Gradient Work, or Gradient Work 2010.

(ii) Facts which show Sony Image Works distributes the infringing OSL.

(iii) Facts which show Autodesk made a copy of the infringing OSL.

Facts which show the First Cause of Action is plausible:

(a) Exhibit 121 of the SAC, at 44.

(b) Exhibit 122 of the SAC, at 61.

(c) Paragraphs 89 and 90 in the SAC, at 44.

### B.  Elements of Second Cause of Action, Contributory Infringement

Coffelt's SECOND CAUSE OF ACTION is based on the allegation that Autodesk is liable for Contributory Infringement of Coffelt's copyrighted works, including: TX0008447381, TXu002049564, or case No. 1-5121154211. Elements of this claim include:

(i) Facts which show Autodesk materially contributes to the distribution of the infringing OSL.

(ii) Facts which show Autodesk had reason to know distribution of OSL is acts of copyright

1    infringement.

2        Facts which show the Second Cause of Action is plausible:

3        **(a)** Paragraphs 81 through 87 in the SAC, at 18.

4        **(b)** Paragraphs 95, 96 in the SAC, at 20.

5

6    **C.   Elements of Third Cause of Action, Vicarious Liability**

7        Coffelt's THIRD CAUSE OF ACTION is based on the allegation that Autodesk

8    has Vicarious Liability directed to the copyright infringement of Coffelt's copyrighted works,

9    including, TX0008447381, TXu002049564, or case No. 1-5121154211. Elements of this claim

10   include:

11       **(i)** Facts which show Autodesk has the right and ability to supervise the acts of exploitation of

12           Coffelt's Gradient Work, Photorealistic Gradient Work, or Gradient Work 2010.

13       **(ii)** Facts which show Autodesk receives direct financial interest in the exploitation of Coffelt's

14           copyrighted Gradient Work, Photorealistic Gradient Work, or Gradient Work 2010.

15       Facts which show the Third Cause of Action is plausible:

16       **(a)** Paragraph 99 in the SAC, at 21.

17       **(b)** Paragraphs 100, 101 in the SAC, at 21.

18

19   **D.   Elements of Fourth Cause of Action, Vicarious Liability**

20       Coffelt's FOURTH CAUSE OF ACTION is based on the allegation that Autodesk

21   has Vicarious Liability directed to the copyright infringement of Coffelt's copyrighted works,

22   including, TXu002035517, or TX0008356641. Elements of this claim include:

23       **(i)** Facts which show Autodesk has the right and ability to supervise the acts of exploitation of

24           Coffelt's Vector Work, or Steradian Work.

25       **(ii)** Facts which show Autodesk receives direct financial interest in the exploitation of Coffelt's

26           Vector Work, or Steradian Work.

27       Facts which show the Fourth Cause of Action is plausible:

28       **(a)** Paragraph 99 in the SAC, at 21.

1    **(b)** Paragraphs 100, 101 in the SAC, at 21.

2

3  **E.   Elements of Fifth Cause of Action, Direct Infringement**

4    Coffelt's FIFTH CAUSE OF ACTION is based on the allegation that Sony Image

5 Works distributes Coffelt's copyrighted works, including: TX0008447381, TXu002049564, or case

6 No. 1-5121154211. Elements of this claim include:

7    **(i)** Facts which show Open Shading Language (OSL) is a derivative work based on Coffelt's

8      copyrighted Gradient Work, Photorealistic Gradient Work, or Gradient Work 2010.

9    **(ii)** Facts which show Sony Image Works distributes the infringing OSL.

10    Facts which show the Fifth Cause of Action is plausible:

11    **(a)** Exhibit 121 of the SAC, at 44.

12    **(b)** Exhibit 122 of the SAC, at 61.

13

14  **F.   Elements of Sixth Cause of Action, Vicarious Liability**

15    Coffelt's SIXTH CAUSE OF ACTION is based on the allegation that Autodesk

16 has Vicarious Liability directed to the copyright infringement of Coffelt's copyrighted works,

17 including, TX0008400276. Elements of this claim include:

18    **(i)** Facts which show Autodesk has the right and ability to supervise the acts of exploitation of

19      Coffelt's copyrighted CAD Work.

20    **(ii)** Facts which show Autodesk receives direct financial interest in the exploitation of Coffelt's

21      copyrighted CAD Work.

22    Facts which show the Sixth Cause of Action is plausible:

23    **(a)** Paragraph 99 in the SAC, at 21.

25    **(b)** Paragraphs 100, 101 in the SAC, at 21.

25    **(c)** Exhibit 100 of the SAC, at 1: Title of Larger Work: emoshaGraphics CAD

26    **(d)** Exhibit 103 of the SAC, at 1: Title of Larger Work: emoshaGraphics CAD

27    **(e)** Exhibit 104 of the SAC, at 1: Title of Larger Work: emoshaGraphics CAD

28

**G. Elements of Seventh Cause of Action, Contributory Infringement**

Coffelt's SEVENTH CAUSE OF ACTION is based on the allegation that Autodesk is liable for Contributory Infringement of Coffelt's copyrighted works, including: TX0008400276. Elements of this claim include:

    **(i)** Facts which show Autodesk materially contributes to the unauthorized distribution of Coffelt's copyrighted CAD Work.

    **(ii)** Facts which show Autodesk had reason to know distribution of Coffelt's copyrighted CAD Work is acts of copyright infringement.

    Facts which show the Seventh Cause of Action is plausible:

    **(a)** Paragraphs 81 through 87 in the SAC, at 18.

    **(b)** Paragraphs 95, 96 in the SAC, at 20.

    **(c)** Exhibit 100 of the SAC, at 1: Title of Larger Work: emoshaGraphics CAD

    **(d)** Exhibit 103 of the SAC, at 1: Title of Larger Work: emoshaGraphics CAD

    **(e)** Exhibit 104 of the SAC, at 1: Title of Larger Work: emoshaGraphics CAD

**H. Second Amended Complaint inadvertently omits facts directed to "access" to Coffelt's Copyrighted Works**

The SAC inadvertently omits facts directed to Autodesk's access to Coffelt's copyrighted works. Therefore, Coffelt states these facts in the attached Coffelt's Declaration, at 2, items 7, 8. These are supplemental facts which show Autodesk's access to Coffelt's copyrighted works is plausible.

**I. Autodesk's Misstated Paraphrase of Second Amended Complaint**

Autodesk's Motion is replete with misstated paraphrase citations of the SAC. Autodesk's inclusion of the terms **"use"** and **"copy"** appear to be an intentional attempt to mislead this Court to an incorrect interpretation of the SAC. Counsel for Autodesk clearly have direct knowledge that the basis for claims is **"distribution"** of a **"derivative work"** of Coffelt's copyrighted works.

1    These misstated paraphrase of the SAC represent Autodesk's nearly entire basis for the

2    Motion to Dismiss :

3    (Dkt. No. 39) at 1,  line 21, 23;

4         *id.* at 2,  line 1, 3, 7;

5         *id.* at 5, line 4, 6, 11, 19;

6         *id.* at 7,  line 2;

7         *id.* at 14,  line 4, 19, 23;

8         *id.* at 15,  line 1, 4, 18, 20, 21.

9    One of Autodesk's most significant misstated impertinent paraphrase of the SAC is:

10   (" And regardless, the **OSL** source code excerpt **at issue** obviously did not **"copy"** an

11        expression from Mr. Coffelt's copyrighted work: ")

12   *emphasis added*   *id.* at 15,  line 21.

13   Exhibit 121 of the SAC explicitly alleges the issue is  **"derivative work"**.

14

15   **J.    Autodesk's Motion to Dismiss does not Address All Basis of the Claims to**

16        **Copyright Infringement**

17   Autodesk has not addressed the issues of alleged copyright infringement of Coffelt's

18   Gradient Work (TXu002049564), Vector Work (TXu002035517), Steradian Work (TX0008356641),

19   or CAD Work (TX0008400276).  Autodesk's makes only conclusory allegations to these Works.

20   Coffelt's facts directed to OSL are also applicable to Coffelt's Sixth and Seventh cause

21   of action. Coffelt's U.S. certificates of registration show Coffelt's Gradient Work and Photorealistic

22   Gradient Work appear in Coffelt's CAD Work. The Gradient Work, and Photorealistic Gradient

23   Work, are a significant portion of the CAD Work. Therefore, Coffelt's Sixth and Seventh cause

24   of action are inherently based of the facts directed to OSL.

25   There is no evidence in the record of this case which show a version of OSL source code

26   which was allegedly published in the year 2010. Autodesk's makes only conclusory contentions

27   that OSL predates Coffelt's copyrighted works.

28   Autodesk incorrectly alleges there is no claim to direct copyright infringement. The

1    SAC alleges OSL is a derivative work, and Sony Image Works distributes the unauthorized derivative

2    work. Sony Image Works direct copyright infringement may be established without Sony Image

3    Works being a party to this action. Coffelt has the right to enter any evidence pertaining

4    to the claims of this action, including any subpoena to Sony Image Works ( Fed. R. Civ. P. 26(b)(1) ).

5

6    **K.**   **Autodesk's Evasive Discovery Responses Support All Claims are Plausible**

7          Autodesk's evasive response to Request for Admission support all claims to copyright

8    infringement are plausible. *See* attached Exhibit C.

9          Autodesk's responses to Request for Information No. 22, 25, 28, 31, 34, 37, 40,

10   43, 46, 49, 52, 72 are evasive. *See* (Dkt. No. 38-1).  These Request for Information request

11   Only a location of specific pivotal source code.  For these reasons, Coffelt believes

12   these evasive responses support that all claims to copyright infringement are plausible.

13

14   **L.**   **Autodesk Admits Connection with OSL**

15         Autodesk's Response to Coffelt's Discovery Request is attached as Exhibit C,

16   and Coffelt's attached Declaration in support.

17         Autodesk admits a connection with OSL.  *See* attached Exhibit B, Response to

18   Request items 1, 2, 5, 6. This admission supports that claims are plausible.

19

20   **M.**   **Autodesk's Failure to Produce any Description of "Mapped Object Shadow"**

21         **Support Claims are Plausible**

22         On August 9, 2017, Autodesk alleged an affirmative defense to this Complaint. The

23   title of this alleged defense is "Mapped Object Shadow". *See* attached Exhibit E.  Autodesk has not

24   produced any description or location of this alleged defense. *See* attached Coffelt's Declaration,

25   items 9, 10.

26         For these foregoing reasons, Autodesk's failure to identify any description or location

27   of the "Mapped Object Shadow" source code, supports claims to copyright infringement of

28   Coffelt's  Steradian Work work is plausible.

## IV.   CONCLUSION

OSL is a derivative work, based on Coffelt's copyrighted work, is plausible. The SAC contains substantial facts, which show the OSL derivative work is plausible.

Exhibits attached to the SAC show specific evidence, the basis for OSL is identical to Coffelt's basis for the copyrighted work, is plausible.

Exhibits attached to the SAC show specific evidence that OSL results are identical to Coffelt's copyrighted work results is plausible.

Exhibits attached to the SAC show OSL is Not a staple article or commodity of commerce suitable for substantial noninfringing use is plausible.

Exhibits attached to the SAC show specific evidence that Sony Image Works distribute the alleged infringing OSL source code is plausible.

Autodesk's Admission, attached to this Opposition, show specific evidence that Autodesk's Computer Aided Design products have an intrinsic connection with the alleged infringing OSL source code is plausible.

Autodesk has not attempted to show that the foregoing facts in the SAC are only conclusions.

Exhibits and Declarations attached to this Opposition, show specific evidence that OSL source code was amended on July 25, 2011 is plausible.

Coffelt's U.S. Certificates of Registration for copyright are prima facie evidence of validity. Autodesk has the burden of proof to show invalidity of Coffelt's copyrights. Autodesk contends only conclusory allegations directed to validity of Coffelt's copyrights.

Autodesk allege only conclusory contentions that OSL predates Coffelt's copyrighted works.

Coffelt's Declaration attached to this Opposition, shows that Autodesk has not produced any description or location of the "Mapped Object Shadow" affirmative defense in this action.

Autodesk's documents in the record of this case show Autodesk has attempted to rely substantially on only boilerplate objections in order to avoid production of discovery information. (Dkt. No. 38) filed January 17, 2018.

1    For these foregoing reasons, all Coffelt's claims to copyright infringement in the Second

2    Amended Complaint are plausible.

3    For these foregoing  reasons, Coffelt believes this Court should deny Autodesk's Motion to

4    Dismiss the Complaint (Dkt. No. 39) filed January 24, 2018.

5    Autodesk alleges only conclusory allegations that this Court should not grant leave to

6    amend the complaint. Autodesk has not established any basis to deny leave to amend the Complaint.

7

8

9

10

11

12

13    Date: January 31, 2018          By:

14                                         Louis A. Coffelt, Jr.

15                                         Plaintiff

16                                         *Pro Se*

17

18

19

20

21

22

23

24

25

26

27

28

12

# EXHIBIT  A

13

12/3/2017                              getmatrix optimization fix -- embarrassing typo from previous patch · imageworks/OpenShadingLanguage@23253ec

## Your account has been flagged.

Because of that, your profile is hidden from the public. If you believe this is a mistake, contact support to have your account status reviewed.

imageworks / OpenShadingLanguage

**Browse files**

## getmatrix optimization fix -- embarrassing typo from previous patch

RB-0.5

Unified    Split

lgritz committed on Jul 25, 2011          1 parent 3198642    commit 23253ec3b91a0620e73f92568eb7b4ccdd60cf48

Showing **1** changed file with **1** addition and **1** deletion.

2 ■■■■■ src/liboslexec/runtimeoptimize.cpp

```
1569  1569              else
1570  1570                  ok &= rs->get_matrix (Mfrom, from);
1571  1571              if (to == Strings::common || to == commonsyn)
1572              -           Mfrom.makeIdentity ();
      1572  +           Mto.makeIdentity ();
1573  1573              else
1574  1574                  ok &= rs->get_inverse_matrix (Mto, to);
1575  1575          if (ok) {
```

## 0 comments on commit 23253ec

14

# EXHIBIT  B

15

1   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
2   ROBIN L. BREWER (CA SBN 253686)
    rbrewer@mofo.com
3   CHRISTOPHER J. WIENER (CA SBN 280476)
    cwiener@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105
    Telephone:  (415) 268-7000
6   Facsimile:   (415) 268-7522

7   BITA RAHEBI (CA SBN 209351)
    brahebi@mofo.com
8   ROSE LEE (CA SBN 294658)
    roselee@mofo.com
9   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
10  Los Angeles, CA  90017-3543
    Telephone:  (213) 892-5428
11  Facsimile:   (213) 892-5454

12  Attorneys for Autodesk, Inc.

13

14                UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16

17  LOUIS A. COFFELT, JR.,              Case No.:  5:17-cv-01684-FMO-SHK

18               Plaintiff,             **DEFENDANT AUTODESK, INC.'S
                                        RESPONSES AND OBJECTIONS
19        v.                            TO PLAINTIFF'S REQUEST FOR
                                        ADMISSION NO. 4**
20

21  AUTODESK, INC., a Delaware
    Corporation,
22
                 Defendant.
23

24

25

26

27

28

16

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the

2    Local Rules for the Central District of California, Defendant Autodesk, Inc.

3    ("Autodesk") provides the following responses and objections to Plaintiff's Request

4    for Admission No. 4 ("Requests"), dated December 13, 2017, based on information

5    reasonably available to Autodesk as of this date.

6                          **PRELIMINARY STATEMENT**

7        Autodesk has not completed its investigation of the facts relating to this case

8    and may amend or revise its responses after additional investigation, research, and

9    analysis.  Autodesk bases its responses on currently available information and

10   without prejudice to its right to provide or introduce subsequently discovered

11   information.

12                          **GENERAL OBJECTIONS**

13   1.    Autodesk objects that the Requests are not sequentially renumbered without

14   repeating numbers from previously served sets as required by Local Rule 36-1.

15   2.    Autodesk objects to the extent a Request seeks an admission that is not

16   relevant to Plaintiff's claims of copyright infringement.

17   3.    Autodesk objects that the use of "e.g." in the Requests renders the Request

18   vague and ambiguous.

19   4.    Autodesk objects to the definition of "Autodesk" as overly broad because it

20   includes "all world wide [*sic*] subsidiaries, e.g. [*sic*] including Autodesk England,

21   France, Germany, Italy."  Autodesk interprets "Autodesk" to be limited to

22   Autodesk, Inc.

23   5.    Autodesk objects to the definitions of "internet," "light source," and

24   "photorealistic" to the extent they are inconsistent with how those terms are

25   understood in the art.  Autodesk interprets these terms according to their ordinary

26   and accepted understandings to those in the field.

27   6.    Autodesk objects to the definition of "Maya" as vague, ambiguous, and

28   compound.

17

7.     Autodesk objects to the definition of "pixel" as vague and ambiguous. Autodesk understands "pixel" as the smallest element of an image that can be individually processed in a video display system.

8.     Autodesk objects to the definition of "shadow" as inconsistent with how the term is understood in the field.  Autodesk interprets "shadow" according to its ordinary and accepted understanding to those in the field.

9.     Autodesk objects to the definition of "User" as vague, ambiguous, and inconsistent with the plain meaning of that term.  Among other things, Mr. Coffelt's definition does not require use and relates to having a license or subscription for two programs.

10.    Autodesk objects to the definition of "user's drawing" as vague and ambiguous.  Autodesk understands "user's drawing" to refer a .dwg file created by a user using Maya 2017.

11.    Autodesk objects to the definition of "view vector" as vague and ambiguous. Among other things, Plaintiff's definition of "view vector" by example (*e.g.*, by reference to Figure 7 of U.S. Patent No. 8,614,710) is incomprehensible.  Plaintiff's reference to "a view vector is used to derive a pixel column . . . and derive a pixel row" is equally incomprehensible.

<strong>RESPONSES AND OBJECTIONS</strong>

**REQUEST FOR ADMISSION NO. 1**

Autodesk created the Autodesk URL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**

Autodesk objects to the extent that the Request is directed to information that is not relevant to Plaintiff's claims of copyright infringement.

Subject to its general and specific objections, and based on its current investigation, Autodesk ADMITS that it created content at the URL at https://help.autodesk.com/view/BEAST/2015/ENU/

*18*

1   ?guid=__files_GUID_B812FA2F_A188_4D9A_A5A8_ACD7A771AA89_htm,

2   but otherwise DENIES the Request.

3   **REQUEST FOR ADMISSION NO. 2**

4       Autodesk created the Autodesk Web Page.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

6       Autodesk objects to the Request as duplicative of RFA No. 1.  Autodesk

7   objects to the extent that the Request is directed to information that is not relevant

8   to Plaintiff's claims of copyright infringement.

9       Subject to its general and specific objections, and based on its current

10  investigation, Autodesk ADMITS that it created content at the URL at

11  https://help.autodesk.com/view/BEAST/2015/ENU/

12  ?guid=__files_GUID_B812FA2F_A188_4D9A_A5A8_ACD7A771AA89_htm,

13  but otherwise DENIES the Request.

14  **REQUEST FOR ADMISSION NO. 3**

15      Autodesk has an exclusive right to supervise acts which create the Autodesk

16  Web Page.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 3**

18      Autodesk objects to the phrase "exclusive right to supervise acts" as vague

19  and ambiguous.  Autodesk objects to the extent that the Request is directed to

20  information that is not relevant to Plaintiff's claims of copyright infringement.

21      Subject to its general and specific objections, and based on its current

22  investigation, Autodesk does not understand the Request and on that basis DENIES

23  it.

24  **REQUEST FOR ADMISSION NO. 4**

25      Autodesk has an exclusive right to create and amend contents of the

26  Autodesk Web Page.

27

28

3

19

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 4**

2         Autodesk objects to the phrase "exclusive right to create and amend

3    contents" as vague and ambiguous.  Autodesk objects to the extent that the Request

4    is directed to information that is not relevant to Plaintiff's claims of copyright

5    infringement.

6         Subject to its general and specific objections, and based on its current

7    investigation, Autodesk does not understand the Request and on that basis DENIES

8    it.

9    **REQUEST FOR ADMISSION NO. 5**

10        Autodesk has an ability to create and amend contents of the Autodesk Web

11   Page.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

13        Autodesk objects to the extent that the Request is directed to information that

14   is not relevant to Plaintiff's claims of copyright infringement.

15        Subject to its general and specific objections, and based on its current

16   investigation, Autodesk ADMITS that it can create and modify contents on certain

17   webpages on the www.autodesk.com domain, including the page at

18   https://help.autodesk.com/view/BEAST/2015/ENU/

19   ?guid=__files_GUID_B812FA2F_A188_4D9A_A5A8_ACD7A771AA89_htm .

20   **REQUEST FOR ADMISSION NO. 6**

21        The Autodesk Web Page contains the Code URL.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 6**

23        Autodesk objects to the term "contains" as vague and ambiguous.  Autodesk

24   also extent that the Request is directed to information that is not relevant to

25   Plaintiff's claims of copyright infringement.

26        Subject to its general and specific objections, and based on its current

27   investigation, Autodesk ADMITS that the current webpage at

28   https://help.autodesk.com/view/BEAST/2015/ENU/?guid=__files_GUID_B812FA

4

1   2F_A188_4D9A_A5A8_ACD7A771AA89_htm refers to

2   https://github.com/imageworks/OpenShadingLanguage, but otherwise DENIES the

3   request.

4   **REQUEST FOR ADMISSION NO. 7**

5       Autodesk has adapted Maya or Beast to contain a copy of OSL.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 7**

7       Autodesk objects that the Request is compound and directed to multiple

8   matters and therefore improper.  Autodesk objects to the term "contain" and

9   adapted" as vague and ambiguous.  Autodesk objects to the extent that the Request

10  is directed to information that is not relevant to Plaintiff's claims of copyright

11  infringement.

12      Subject to its general and specific objections, and based on its current

13  investigation, Autodesk DENIES this Request.

14  **REQUEST FOR ADMISSION NO. 8**

15      Autodesk has adapted Maya or Beast with an API; and the API is capable to

16  execute a distribution of OSL.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 8**

18      Autodesk objects that the Request is compound and directed to multiple

19  matters and therefore improper.  Autodesk objects to the terms "adapted," "capable

20  to execute," and "distribution of OSL" as vague and ambiguous.  Autodesk objects

21  to the extent that the Request is directed to information that is not relevant to

22  Plaintiff's claims of copyright infringement.

23      Subject to its general and specific objections, and based on its current

24  investigation, Autodesk DENIES the Request.

25  **REQUEST FOR ADMISSION NO. 9**

26      Autodesk has adapted Maya or Beast with an API; and the API is capable to

27  communicate with OSL source code.

28

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 9**

2      Autodesk objects that the Request is compound and directed to multiple

3   matters and therefore improper.  Autodesk objects to the terms "adapted" and

4   "capable to communicate" as vague and ambiguous.  Autodesk objects to the extent

5   that the Request is directed to information that is not relevant to Plaintiff's claims

6   of copyright infringement.

7      Subject to its general and specific objections, and based on its current

8   investigation, Autodesk DENIES the Request.

9   **REQUEST FOR ADMISSION NO. 10**

10      Autodesk has adapted Maya or Beast with an API; and the API is capable to

11   communicate with the Code URL.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 10**

13      Autodesk objects that the Request is compound and directed to multiple

14   matters and therefore improper.  Autodesk objects to the terms "adapted," "capable

15   to communicate," and "Code URL" as vague and ambiguous.  Autodesk objects to

16   the extent that the Request is directed to information that is not relevant to

17   Plaintiff's claims of copyright infringement.

18      Subject to its general and specific objections, and based on its current

19   investigation, Autodesk DENIES the Request.

20   **REQUEST FOR ADMISSION NO. 11**

21      A specific person has caused his computer to access a copy of OSL with

22   Maya or Beast. e.g. Maya is adapted to contain a copy of OSL; and the specific

23   person executed an OSL shading function in Maya for his user's drawing.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 11**

25      Autodesk objects that the Request is compound and directed to multiple

26   matters and therefore improper.  Autodesk objects that "a specific person" is vague

27   and ambiguous.  Autodesk further objects that the use of "e.g." renders the Request

28   vague and ambiguous.  Autodesk also objects to the terms "caused his computer to

22

1  access" and "contain a copy of OSL" as vague and ambiguous. Autodesk objects to
2  the extent the Request seeks information not in Autodesk's possession and control.
3  Autodesk objects to the extent that the Request is directed to the functionality of
4  software and is not relevant to Plaintiff's claims of copyright infringement.

5         Subject to its general and specific objections, and based on its current
6  investigation, Autodesk lacks sufficient information to admit or deny the Request
7  and on that basis DENIES it.

8  **REQUEST FOR ADMISSION NO. 12**

9         A specific person has caused his computer to execute a distribution of OSL
10  with Maya or Beast. e.g. Maya is adapted to download a copy of OSL to his
11  computer; and the specific person executed an OSL shading function in Maya for
12  his user's drawing; and the download of OSL occurred; and the download of OSL
13  is a distribution of OSL.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 12**

15         Autodesk objects that the Request is compound and directed to multiple
16  matters and therefore improper. Autodesk objects that "a specific person" is vague
17  and ambiguous. Autodesk further objects that the use of "e.g." renders the Request
18  vague and ambiguous. Autodesk also objects to the terms "caused his computer to
19  execute" and "distribution of OSL" as vague and ambiguous. Autodesk objects to
20  the extent the Request seeks information not in Autodesk's possession and control.
21  Autodesk objects to the extent that the Request is directed to the functionality of
22  software and is not relevant to Plaintiff's claims of copyright infringement.

23         Subject to its general and specific objections, and based on its current
24  investigation, Autodesk lacks sufficient information to admit or deny the Request
25  and on that basis DENIES it.

26
27
28

23

1 **REQUEST FOR ADMISSION NO. 13**

2       Autodesk has an exclusive right to supervise the acts of creating and

3 amending Maya and Beast. e.g. the right to supervise the act of adapting Maya with

4 an API in order to communicate with OSL.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 13**

6       Autodesk objects that the Request is compound and directed to multiple

7 matters and therefore improper.  Autodesk further objects that the use of "e.g."

8 renders the Request vague and ambiguous.  Autodesk also objects to the terms

9 "exclusive right to supervise the acts of creating and amending" and "the right to

10 supervise the act of adapting" as vague and ambiguous.

11       Subject to its general and specific objections, and based on its current

12 investigation, Autodesk DENIES the Request.

13 **REQUEST FOR ADMISSION NO. 14**

14       Autodesk has an ability to supervise the acts of creating and amending Maya

15 and Beast. e.g. ability to supervise the act of adapting Maya with an API in order to

16 communicate with OSL.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 14**

18       Autodesk objects that the Request is compound and directed to multiple

19 matters and therefore improper.  Autodesk further objects that the use of "e.g."

20 renders the Request vague and ambiguous.  Autodesk also objects to the terms

21 "ability to supervise the acts of creating and amending" and "ability to supervise the

22 act of adapting" as vague and ambiguous.

23       Subject to its general and specific objections, and based on its current

24 investigation, Autodesk DENIES the Request.

25 **REQUEST FOR ADMISSION NO. 15**

26       Autodesk has an exclusive right to remove access to third party software

27 from Maya and Beast at any time. e.g. Autodesk has the right to remove any API

28

24

1  from Maya, pursuant to Autodesk's Software License Agreements. (i.e. right to
2  block access to OSL in Maya).
3  **RESPONSE TO REQUEST FOR ADMISSION NO. 15**
4       Autodesk objects that the Request is compound and directed to multiple
5  matters and therefore improper.  Autodesk further objects that the use of "e.g."
6  renders the Request vague and ambiguous.  Autodesk also objects to the terms "an
7  exclusive right to remove access to third party software" and "Software License
8  Agreements" as vague and ambiguous.
9       Subject to its general and specific objections, and based on its current
10  investigation, Autodesk DENIES the Request.
11  **REQUEST FOR ADMISSION NO. 16**
12       Autodesk has an ability to remove access to third party software from Maya
13  and Beast at any time. e.g. Autodesk has the ability to remove any API from Maya.
14  (i.e. ability to block access to OSL in Maya).
15  **RESPONSE TO REQUEST FOR ADMISSION NO. 16**
16       Autodesk objects that the Request is compound and directed to multiple
17  matters and therefore improper.  Autodesk further objects that the use of "e.g."
18  renders the Request vague and ambiguous.  Autodesk also objects to the term "an
19  ability to remove access to third party software" as vague and ambiguous.
20       Subject to its general and specific objections, and based on its current
21  investigation, Autodesk DENIES the Request.
22  **REQUEST FOR ADMISSION NO. 17**
23       Autodesk has a right and ability to remove OSL from Maya or Beast.
24  **RESPONSE TO REQUEST FOR ADMISSION NO. 17**
25       Autodesk objects that the Request is compound and directed to multiple
26  matters and therefore improper.  Autodesk also objects to the term "right and ability
27  to remove OSL" as vague and ambiguous.   Autodesk also objects to the Request as
28  assuming facts.

Subject to its general and specific objections, and based on its current investigation, Autodesk DENIES the Request.

**REQUEST FOR ADMISSION NO. 18**

Autodesk has a right and ability to cause Maya or Beast to block access to OSL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**

Autodesk objects that the Request is compound and directed to multiple matters and therefore improper. Autodesk also objects to the term "right and ability to cause . . . to block access to OSL" as vague and ambiguous.

Subject to its general and specific objections, and based on its current investigation, Autodesk DENIES the Request.

**REQUEST FOR ADMISSION NO. 19**

Autodesk has a right and ability to cause Maya or Beast to not execute any OSL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**

Autodesk objects that the Request is compound and directed to multiple matters and therefore improper. Autodesk also objects to the term "right and ability to cause . . . to not execute" as vague and ambiguous.

Subject to its general and specific objections, and based on its current investigation, Autodesk DENIES it.

**REQUEST FOR ADMISSION NO. 20**

Autodesk executed a test of Maya and OSL in order to evaluate results of OSL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**

Autodesk also objects to the terms "executed a test" and "evaluate results" as vague and ambiguous. Autodesk objects to the extent that the Request is directed to information that is not relevant to Plaintiff's claims of copyright infringement.

1    Subject to its general and specific objections, and based on its current

2  investigation, Autodesk does not understand the Request and on that basis DENIES

3  it.

4  **REQUEST FOR ADMISSION NO. 21**

5    Autodesk executed a test of Beast and OSL in order to evaluate results of

6  OSL.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 21**

8    Autodesk also objects to the terms "executed a test" and "evaluate results" as

9  vague and ambiguous.  Autodesk objects to the extent that the Request is directed

10  to information that is not relevant to Plaintiff's claims of copyright infringement.

11    Subject to its general and specific objections, and based on its current

12  investigation, Autodesk does not understand the Request and on that basis DENIES

13  it.

14  **REQUEST FOR ADMISSION NO. 22**

15    Autodesk made a copy of OSL in order to evaluate results of OSL.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 22**

17    Autodesk also objects to the terms "made a copy" and "evaluate results" as

18  vague and ambiguous.  Autodesk objects to the extent that the Request is directed

19  to information that is not relevant to Plaintiff's claims of copyright infringement.

20    Subject to its general and specific objections, and based on its current

21  investigation, Autodesk does not understand the Request and on that basis DENIES

22  it.

23  **REQUEST FOR ADMISSION NO. 23**

24    Autodesk materially contributes to making copies of OSL.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 23**

26    Autodesk objects to the term "materially contributes to making copies" as

27  vague and ambiguous.  Autodesk objects to the extent that the Request is directed

28  to information that is not relevant to Plaintiff's claims of copyright infringement.

27

1    Subject to its general and specific objections, and based on its current

2    investigation, Autodesk DENIES the Request.

3    **REQUEST FOR ADMISSION NO. 24**

4    Autodesk materially contributes to distribution of OSL.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 24**

6    Autodesk objects to the term "materially contributes to making copies" as

7    vague and ambiguous.  Autodesk objects to the extent that the Request is directed

8    to information that is not relevant to Plaintiff's claims of copyright infringement.

9    Subject to its general and specific objections, and based on its current

10   investigation, Autodesk DENIES the Request.

11   **REQUEST FOR ADMISSION NO. 25**

12   EXHIBIT 121 in the Complaint (Doc 31) pages 109 through 112, inclusive,

13   each contain a true and correct file name of the corresponding OSL source code

14   shown in EXHIBIT 121.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 25**

16   Autodesk objects that the Request is compound and directed to multiple

17   matters and therefore improper.  Autodesk objects to the Request as vague and

18   ambiguous.  Autodesk objects to the extent the Request seeks information not in

19   Autodesk's possession and control or that is as available to Plaintiff as Autodesk.

20   Autodesk objects to the extent that the Request is directed to information that is not

21   relevant to Plaintiff's claims of copyright infringement.

22   Subject to its general and specific objections, and based on its current

23   investigation, Autodesk lacks sufficient information to admit or deny the Request

24   and on that basis DENIES it.

25   **REQUEST FOR ADMISSION NO. 26**

26   EXHIBIT 121 in the Complaint (Doc 31) pages 109 through 112 contain

27   methods directed to a light source, a view vector, a reflection vector, and a color

28

28

1   intensity based on the reflection vector. e.g. EXHIBIT 121 at page 109 contains the

2   comment: "//reflect the view vector".

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 26**

4       Autodesk objects that the Request is compound and directed to multiple

5   matters and therefore improper.  Autodesk objects to the Request as vague and

6   ambiguous.  Autodesk further objects that the use of "e.g." renders the Request

7   vague and ambiguous.  Autodesk objects to the terms "light source," "view vector,"

8   "reflection vector," and "color intensity" as vague and ambiguous.  Autodesk

9   objects to the extent the Request seeks information not in Autodesk's possession

10   and control or that is as available to Plaintiff as Autodesk.  Autodesk objects to the

11   extent that the Request is directed to information that is not relevant to Plaintiff's

12   claims of copyright infringement.

13       Subject to its general and specific objections, and based on its current

14   investigation, Autodesk ADMITS that page 109 of ECF 31 includes the language

15   "//reflect the view vector."  Autodesk lacks sufficient information to admit or deny

16   the remainder of the Request and on that basis DENIES it.

17   **REQUEST FOR ADMISSION NO. 27**

18       A sole purpose of OSL is to create color shading. e.g. a specific set of various

19   colors having the appearance of photorealistic image.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 27**

21       Autodesk objects to the Request as vague and ambiguous.  Autodesk further

22   objects that the use of "e.g." renders the Request vague and ambiguous.  Autodesk

23   objects to the term "color shading" as vague and ambiguous.  Autodesk objects to

24   the extent the Request seeks information not in Autodesk's possession and control

25   or that is as available to Plaintiff as Autodesk.  Autodesk objects to the extent that

26   the Request is directed to information that is not relevant to Plaintiff's claims of

27   copyright infringement.

28

1    Subject to its general and specific objections, and based on its current

2    investigation, Autodesk DENIES the Request.

3    **REQUEST FOR ADMISSION NO. 28**

4    In April, 2017, Autodesk received the notice of the alleged copyright

5    infringement issues in this Complaint from Coffelt. *See* Attached EXHIBIT A.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 28**

7    Autodesk objects to the extent that the Request is directed to information that

8    is not relevant to Plaintiff's claims of copyright infringement. Autodesk objects to

9    the extent the Request seeks information that is protected by the attorney-client

10   privilege, the work-product doctrine, the common interest privilege, or any other

11   applicable privilege or immunity.

12   Subject to its general and specific objections, and based on its current

13   investigation, Autodesk ADMITS that it received the document attached as Exhibit

14   A, but otherwise DENIES the Request.

15   **REQUEST FOR ADMISSION NO. 29**

16   In June, 2017, Autodesk received the cease and desist letter directed to the

17   alleged copyright infringement issues in this Complaint from Coffelt. *See* Attached

18   EXHIBIT B.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 29**

20   Autodesk objects to the extent that the Request is directed to information that

21   is not relevant to Plaintiff's claims of copyright infringement. Autodesk objects to

22   the extent the Request seeks information that is protected by the attorney-client

23   privilege, the work-product doctrine, the common interest privilege, or any other

24   applicable privilege or immunity.

25   Subject to its general and specific objections, and based on its current

26   investigation, Autodesk ADMITS that it received the documents attached as

27   Exhibit B, but otherwise DENIES the Request.

28

14

**REQUEST FOR ADMISSION NO. 30**

In July, 2017, Autodesk received Coffelt's request to meet with Carl Bass directed to the alleged copyright infringement issues in this Complaint. *See* Attached EXHIBIT C.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30**

Autodesk objects to the extent that the Request is directed to information that is not relevant to Plaintiff's claims of copyright infringement.  Autodesk objects to the extent the Request seeks information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

Subject to its general and specific objections, and based on its current investigation, Autodesk ADMITS that it received the document attached as Exhibit C, but otherwise DENIES the Request.

**REQUEST FOR ADMISSION NO. 31**

OSL was amended between the first release through the year 2013. e.g. OSL allegedly started in the year 2010; and there were continuous improvements or amendments made to OSL. e.g. it is common for software to be continuously developed and modified over the period of several years. e.g. On July 25, 2011, Larry Gritz amended OSL source code. *See* Attached EXHIBIT D.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**

Autodesk objects that the Request is compound and directed to multiple matters and therefore improper.  Autodesk objects to the Request as vague and ambiguous.  Autodesk further objects that the use of "e.g." renders the Request vague and ambiguous.  Autodesk objects to the extent the Request seeks information not in Autodesk's possession and control or that is as available to Plaintiff as Autodesk.  Autodesk objects to the extent that the Request is directed to information that is not relevant to Plaintiff's claims of copyright infringement.

1         Subject to its general and specific objections, and based on its current

2    investigation, Autodesk lacks sufficient information to admit or deny the Request

3    and on that basis DENIES it.

4    **REQUEST FOR ADMISSION NO. 32**

5         OSL is currently being amended. e.g. OSL source code was amended on

6    December 1, 2017. *See* Attached EXHIBIT E.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 32**

8         Autodesk objects that the Request is compound and directed to multiple

9    matters and therefore improper.  Autodesk objects to the Request as vague and

10   ambiguous.  Autodesk further objects that the use of "e.g." renders the Request

11   vague and ambiguous.  Autodesk objects to the extent the Request seeks

12   information not in Autodesk's possession and control or that is as available to

13   Plaintiff as Autodesk.  Autodesk objects to the extent that the Request is directed to

14   information that is not relevant to Plaintiff's claims of copyright infringement.

15        Subject to its general and specific objections, and based on its current

16   investigation, Autodesk lacks sufficient information to admit or deny the Request

17   and on that basis DENIES it.

18

19   **RESPONSES AND OBJECTIONS TO REQUESTS**
20   **FOR AUTHENTICATION**

21   **REQUEST FOR ADMISSION NO. 1**

22        EXHIBIT 121 in the Complaint (Doc 31) pages 109 through 112, inclusive,

23   is a true and correct copy of portions of OSL source code on Tuesday, August 1,

24   2017, at 6:16:42 PM. e.g. Coffelt downloaded a copy of OSL on August 1, 2017, at

25   6:16:42 PM.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 1**

27        Autodesk objects that the Request is compound and directed to multiple

28   matters and therefore improper.  Autodesk objects to the Request as vague and

32

1   ambiguous.  Autodesk further objects that the use of "e.g." renders the Request

2   vague and ambiguous.  Autodesk objects to the extent the Request seeks

3   information not in Autodesk's possession and control or that is as available to

4   Plaintiff as Autodesk.  Autodesk objects to the extent that the Request is directed to

5   information that is not relevant to Plaintiff's claims of copyright infringement.

6         Subject to its general and specific objections, and based on its current

7   investigation, Autodesk lacks sufficient information to admit or deny the Request

8   and on that basis DENIES it.

9   **REQUEST FOR ADMISSION NO. 2**

10        EXHIBIT 121 in the Complaint (Doc 31) pages 109 through 112, inclusive,

11  is a true and correct copy of portions of OSL source code on the date Autodesk

12  response to the Request for Admission.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

14        Autodesk objects that the Request is compound and directed to multiple

15  matters and therefore improper.  Autodesk objects to the Request as vague and

16  ambiguous.  Autodesk further objects that the use of "e.g." renders the Request

17  vague and ambiguous.  Autodesk objects to the extent the Request seeks

18  information not in Autodesk's possession and control or that is as available to

19  Plaintiff as Autodesk.  Autodesk objects to the extent that the Request is directed to

20  information that is not relevant to Plaintiff's claims of copyright infringement.

21        Subject to its general and specific objections, and based on its current

22  investigation, Autodesk lacks sufficient information to admit or deny the Request

23  and on that basis DENIES it.

24  **REQUEST FOR ADMISSION NO. 3**

25        EXHIBIT 134, in the Complaint (Doc 31) pages 166 through 170, inclusive,

26  is a true and correct copy of portions of contents of the Autodesk Web Page on

27  Thursday, November 23, 2017, at 10:40:16 AM.

28

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 3**

2       Autodesk objects that the Request is compound and directed to multiple

3  matters and therefore improper.  Autodesk objects to the Request as vague and

4  ambiguous.  Autodesk further objects that the use of "e.g." renders the Request

5  vague and ambiguous.  Autodesk objects to the extent the Request seeks

6  information not in Autodesk's possession and control or that is as available to

7  Plaintiff as Autodesk.  Autodesk objects to the extent that the Request is directed to

8  information that is not relevant to Plaintiff's claims of copyright infringement.

9       Subject to its general and specific objections, and based on its current

10  investigation, Autodesk ADMITS that Exhibit 134 reflects content from an

11  Autodesk website, but otherwise DENIES the Request.

12  **REQUEST FOR ADMISSION NO. 4**

13       The attached document EXHBIT D having a date of July 25, 2011 showing

14  an amendment of OSL source code; is a true and correct copy of a document

15  located at:

16  https://github.com/imageworks/OpenShadingLanguage/commit/23253ec3b91a0620

17  e73f92568eb7b4ccdd60cf48.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 4**

19       Autodesk objects that the Request is compound and directed to multiple

20  matters and therefore improper.  Autodesk objects to the Request as vague and

21  ambiguous.  Autodesk further objects that the use of "e.g." renders the Request

22  vague and ambiguous.  Autodesk objects to the extent the Request seeks

23  information not in Autodesk's possession and control or that is as available to

24  Plaintiff as Autodesk.  Autodesk objects to the extent that the Request is directed to

25  information that is not relevant to Plaintiff's claims of copyright infringement.

26       Subject to its general and specific objections, and based on its current

27  investigation, Autodesk lacks sufficient information to admit or deny the Request

28  and on that basis DENIES it.

34

1    **REQUEST FOR ADMISSION NO. 5**

2         The attached document EXHBIT E showing an amendment of OSL source

3    code on about December 1, 2017; is a true and correct copy of a document located

4    at:

5    https://github.com/imageworks/OpenShadingLanguage/commit/897c20dce6b7fe8d

6    f5ea2d15cb69f39a7cef32b5.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

8         Autodesk objects that the Request is compound and directed to multiple

9    matters and therefore improper.  Autodesk objects to the Request as vague and

10   ambiguous.  Autodesk further objects that the use of "e.g." renders the Request

11   vague and ambiguous.  Autodesk objects to the extent the Request seeks

12   information not in Autodesk's possession and control or that is as available to

13   Plaintiff as Autodesk.  Autodesk objects to the extent that the Request is directed to

14   information that is not relevant to Plaintiff's claims of copyright infringement.

15        Subject to its general and specific objections, and based on its current

16   investigation, Autodesk lacks sufficient information to admit or deny the Request

17   and on that basis DENIES it.

18

19   Dated:    January 16, 2018          By:_____/s/ Richard S.J. Hung_____

20

21                                      MORRISON & FOERSTER LLP
                                        Attorneys for Defendant
22                                      AUTODESK, INC.

23

24

25

26

27

28

19

35

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on January 16, 2018, I served a copy of:

**DEFENDANT AUTODESK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSION NO. 4**

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

Louis A. Coffelt, Jr.                           _____ Fax
231 E. Alessandro Blvd., Suite 6A-504    __X__ U.S. Mail
Riverside, CA 92508                          _____ Overnight
Phone: (951) 790-6086                       _____ Personal
Email: Louis.Coffelt@gmail.com          __X__ Electronic Service

36

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed at San Francisco, California, this 16th day of January, 2018.

3

4

5

6    _____          _____
            Gina L. Gerrish                              (signature)
7                (typed)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

37

# EXHIBIT  C

38

1   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
2   ROBIN L. BREWER (CA SBN 253686)
    rbrewer@mofo.com
3   CHRISTOPHER J. WIENER (CA SBN 280476)
    cwiener@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105
    Telephone:  (415) 268-7000
6   Facsimile:   (415) 268-7522

7   BITA RAHEBI (CA SBN 209351)
    brahebi@mofo.com
8   ROSE LEE (CA SBN 294658)
    roselee@mofo.com
9   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
10  Los Angeles, CA  90017-3543
    Telephone:  (213) 892-5428
11  Facsimile:   (213) 892-5454

12  Attorneys for Autodesk, Inc.

13

14                   UNITED STATES DISTRICT COURT

15                  CENTRAL DISTRICT OF CALIFORNIA

16

17  LOUIS A. COFFELT, JR.,              Case No.:  5:17-cv-01684-FMO-SHK

18                    Plaintiff,        **DEFENDANT AUTODESK, INC.'S
                                        RESPONSES AND OBJECTIONS
19           v.                         TO PLAINTIFF'S REQUEST FOR
                                        ADMISSION NO. 5**
20

21  AUTODESK, INC., a Delaware
    Corporation,
22
                      Defendant.
23

24

25

26

27

28

39

1       Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the

2   Local Rules for the Central District of California, Defendant Autodesk, Inc.

3   ("Autodesk") provides the following responses and objections to Plaintiff's Request

4   for Admission No. 5 ("Requests"), dated December 13, 2017, based on information

5   reasonably available to Autodesk as of this date.

6                     **PRELIMINARY STATEMENT**

7       Autodesk has not completed its investigation of the facts relating to this case

8   and may amend or revise its responses after additional investigation, research, and

9   analysis.  Autodesk bases its responses on currently available information and

10   without prejudice to its right to provide or introduce subsequently discovered

11   information.

12                     **GENERAL OBJECTIONS**

13   1.     Autodesk objects that the Requests are not sequentially renumbered without

14   repeating numbers from previously served sets as required by Local Rule 36-1.

15   2.     Autodesk objects to the extent a Request seeks an admission that is not

16   relevant to Plaintiff's claims of copyright infringement.

17   3.     Autodesk objects that the use of "e.g." in the Requests renders the Request

18   vague and ambiguous.

19   4.     Autodesk objects to the definition of "Autodesk" as overly broad because it

20   includes "all worldwide subsidiaries, e.g. [*sic*] including Autodesk England, France,

21   Germany, Italy."  Autodesk interprets "Autodesk" to be limited to Autodesk, Inc.

22                **RESPONSES AND OBJECTIONS**

23   **REQUEST FOR ADMISSION NO. 1**

24       Autodesk does not have any genuine issue of material fact directed to the

25   copyright infringement claims in the Complaint (Doc 32-1).

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 1**

27       Subject to its general objections, and based on its current investigation,

28   Autodesk ADMITS that there is no genuine issue of material fact that Autodesk

40

1    does NOT infringe any copyright of Mr. Coffelt.  Stated otherwise, Autodesk

2    ADMITS that it does NOT infringe any of Mr. Coffelt's claims.  Autodesk

3    otherwise DENIES the Request.

4    **REQUEST FOR ADMISSION NO. 2**

5         Autodesk does not have any genuine issue of material fact directed to the

6    Complaint.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

8         Autodesk objects to the Request vague, ambiguous, and compound.

9         Subject to its general and specific objections, Autodesk DENIES that there

10    are no genuine issues of material fact relating to Mr. Coffelt's allegations in the

11    Complaint or Amended Complaint.

12    **REQUEST FOR ADMISSION NO. 3**

13         Autodesk's Products do not contain an affirmative defense to the copyright

14    infringement claims in the Complaint (Doc 32-1).

15    **RESPONSE TO REQUEST FOR ADMISSION NO. 3**

16         Autodesk objects to the Request as nonsensical and vague and ambiguous as

17    to "contain."  Autodesk also objects to the Request as directed to multiple matters

18    and compound and therefore improper.

19         Subject to its general and specific objections, and based on its current

20    investigation, Autodesk DENIES the Request.

21    **REQUEST FOR ADMISSION NO. 4**

22         Autodesk's Products do not contain an affirmative defense to the Complaint

23    (Doc 32-1).

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 4**

25         Autodesk objects to the Request as nonsensical and vague and ambiguous as

26    to "contain."  Autodesk also objects to the Request as directed to multiple matters

27    and compound and therefore improper.

28

41

1    Subject to its general and specific objections, and based on its current

2    investigation, Autodesk DENIES the Request.

3    **REQUEST FOR ADMISSION NO. 5**

4    On about September 4, 2017, Autodesk was apprised of Coffelt's intent to

5    seek production of items 26, 27, 28, 32, 33, 34, 44, 45, and 46 in the Request.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

7    Autodesk objects to the Request as directed to multiple matters and

8    compound and therefore improper.  Autodesk also objects to the Request as seeking

9    irrelevant information.

10    Subject to its general and specific objections, and based on its current

11    investigation, Autodesk ADMITS that Mr. Coffelt attempted to serve a "Request

12    for Preparation of Discovery Information and Documents" on September 6, 2017

13    that he later withdrew.  Autodesk further ADMITS that that document included

14    items 26, 27, 28, 32, 33, 34, 44, 45, and 46 and that Mr. Coffelt's November 8,

15    2017 "Request for Information and Documents No. 1" included similar items.

16    Except as expressly admitted, Autodesk DENIES the Request.

17    **REQUEST FOR ADMISSION NO. 6**

18    On about November 8, 2017, Autodesk was apprised of Coffelt's request for

19    production of items 26, 27, 28, 32, 33, 34, 44, 45, and 46 in the Request.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 6**

21    Autodesk objects to the Request as directed to multiple matters and

22    compound and therefore improper.  Autodesk also objects to the Request as seeking

23    irrelevant information.

24    Subject to its general and specific objections, and based on its current

25    investigation, Autodesk ADMITS that Mr. Coffelt attempted to serve his "Request

26    for Information and Documents No. 1" on November 8, 2017 and that this

27    document included items 26, 27, 28, 32, 33, 34, 44, 45, and 46.  Autodesk DENIES

28    that service was valid or that Mr. Coffelt's November 8, 2017 document made clear

3

42

1    what documents or information he was seeking.  Except as expressly admitted,

2    Autodesk otherwise DENIES the Request.

3    **REQUEST FOR ADMISSION NO. 7**

4           A specific answer to item 26, 27, 28, 32, 33, 34, 44, 45, and 46 in The

5    Request is potentially an affirmative defense to the copyright infringement claims

6    in the Complaint (Doc. 32-1).  e.g. a comparison of Autodesk's source code to

7    Coffelt's source code may prove copyright infringement exist [*sic*]; or may prove

8    copyright infringement does not exist.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 7**

10          Autodesk objects that the Request is compound and directed to multiple

11   matters and therefore improper.  Autodesk objects to the Request as nonsensical

12   and vague and ambiguous as to "[a] specific answer . . . is potentially an affirmative

13   defense."  Autodesk also objects to the Request as seeking irrelevant information.

14          Subject to its general and specific objections, and based on its current

15   investigation, Autodesk DENIES that any information requested by items 26, 27,

16   28, 32, 33, 34, 44, 45, and 46 of the Request is relevant to any claim and therefore

17   any defense in this case.  Autodesk otherwise DENIES the remainder of this

18   Request.

19   **REQUEST FOR ADMISSION NO. 8**

20          A specific answer to item 26, 27, 28, 32, 33, 34, 44, 45, and 46 in The

21   Request is potentially an affirmative defense to the Complaint (Doc. 32-1).  e.g. a

22   comparison of Autodesk's source code to Coffelt's source code may prove

23   copyright infringement exists; or may prove copyright infringement does not exist.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 8**

25          Autodesk objects that the Request is compound and directed to multiple

26   matters and therefore improper.  Autodesk objects to the Request as nonsensical

27   and vague and ambiguous as to "[a] specific answer . . . is potentially an affirmative

28   defense."  Autodesk also objects to the Request as seeking irrelevant information.

1       Subject to its general and specific objections, and based on its current

2   investigation, Autodesk DENIES that any information requested by items 26, 27,

3   28, 32, 33, 34, 44, 45, and 46 of the Request is relevant to any claim and therefore

4   any defense in this case.  Autodesk otherwise DENIES the remainder of this

5   Request.

6   **REQUEST FOR ADMISSION NO. 9**

7       Autodesk did not answer item 26, 27, 28, 32, 33, 34, 44, 45, and 46 in The

8   Request with an affirmative defense directed to any Autodesk's [*sic*] Products.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 9**

10      Autodesk objects that the Request is compound and directed to multiple

11  matters and therefore improper.  Autodesk objects to the Request as assuming facts,

12  including that service was valid and that Autodesk was obligated to answer the

13  identified items with an affirmative defense relating to Autodesk products.

14  Autodesk also objects to the Request as seeking irrelevant information.

15      Subject to its general and specific objections, and based on its current

16  investigation, Autodesk DENIES that it was obligated to answer the identified

17  items, much less with an affirmative defense, or that the identified items requested

18  that Autodesk respond with an affirmative defense.  Autodesk otherwise DENIES

19  the remainder of this Request.

20  **REQUEST FOR ADMISSION NO. 10**

21      Autodesk did not request any modifications to item 26, 27, 28, 32, 33, 34, 44,

22  45, and 46 in The Request, which may cause Autodesk to produce an affirmative

23  defense directed to any Autodesk's [*sic*] Products.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 10**

25      Autodesk objects that the Request is compound and directed to multiple

26  matters and therefore improper.  Autodesk objects to the Request as assuming facts,

27  including that Autodesk was obligated to request modifications to the identified

28  items and that service was valid.  Autodesk also objects to the Request as vague and

44

1    ambiguous as to "which may cause Autodesk to produce an affirmative defense

2    directed to any Autodesk's Products" and generally incomprehensible. Autodesk

3    also objects to the Request as seeking irrelevant information.

4         Subject to its general and specific objections, and based on its current

5    investigation and best understanding of the Request, Autodesk DENIES that it was

6    obligated to request any modifications and therefore DENIES the Request.

7    Autodesk otherwise DENIES the remainder of this Request.

8    **REQUEST FOR ADMISSION NO. 11**

9         Autodesk has an ability to immediately produce an affirmative defense

10   directed to any Autodesk's [*sic*] Products.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 11**

12        Autodesk objects to the Request as assuming facts, including that Autodesk

13   is obligated to "immediately produce an affirmative defense" in light of the

14   dismissal of Mr. Coffelt's Complaint and the obvious lack of merit to his claims.

15   Autodesk also objects to the Request as vague and ambiguous as to "immediately

16   produce an affirmative defense directed to any Autodesk's Products" and generally

17   incomprehensible. Autodesk also objects to the Request as seeking irrelevant

18   information.

19        Subject to its general and specific objections, and based on its current

20   investigation, Autodesk ADMITS that it has defenses to Mr. Coffelt's claims,

21   including that Autodesk does not infringe and has not infringed any copyright of

22   Mr. Coffelt and that the Court has already dismissed his Complaint. Autodesk

23   otherwise DENIES the remainder of this Request.

24   **REQUEST FOR ADMISSION NO. 12**

25        Autodesk has an ability to immediately produce an affirmative defense

26   directed to any Autodesk Products within 30 days of service of this Request for

27   Admission.

28

6

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

Autodesk objects to the Request as assuming facts, including that Autodesk is obligated to "immediately produce an affirmative defense" in light of the dismissal of Mr. Coffelt's Complaint and the obvious lack of merit to his claims. Autodesk also objects to the Request as vague and ambiguous as to "immediately produce an affirmative defense directed to any Autodesk Products" and generally incomprehensible. Autodesk also objects to the Request as seeking irrelevant information.

Subject to its general and specific objections, and based on its current investigation, Autodesk ADMITS that it has defenses to Mr. Coffelt's claims, including that Autodesk does not infringe and has not infringed any copyright of Mr. Coffelt and that the Court has already dismissed his Complaint. Autodesk DENIES that it is obligated to immediately produce an affirmative defense without 30 days of service of this Request. Autodesk otherwise DENIES the remainder of this Request.

**REQUEST FOR ADMISSION NO. 13**

Autodesk does not intend to produce any affirmative defense directed to any Autodesk Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

Autodesk objects to the Request as assuming facts, including that Autodesk is obligated to and has not already identified defenses to Mr. Coffelt's claims. Autodesk also objects to the Request as vague and ambiguous as to "produce any affirmative defense directed to any Autodesk Products" and generally incomprehensible. Autodesk also objects to the Request as seeking irrelevant information.

Subject to its general and specific objections, and based on its current investigation, Autodesk ADMITS that it has defenses to Mr. Coffelt's claims and has identified them to Mr. Coffelt. These include that Autodesk does not infringe

1   and has not infringed any copyright of Mr. Coffelt.  Autodesk DENIES that it lacks

2   defenses to Mr. Coffelt's claims.  Autodesk otherwise DENIES the remainder of

3   this Request.

4

5   Dated:      January 29, 2018                    By:      /s/ Richard S.J. Hung

6

7                                                          MORRISON & FOERSTER LLP
                                                           Attorneys for Defendant
8                                                          AUTODESK, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

47

1

## CERTIFICATE OF SERVICE

2      I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

3

4      I further declare that on January 29, 2018, I served a copy of:

5      **DEFENDANT AUTODESK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSION NO. 5**

6

7

8      ☒     **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

9

10

11

12      I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

13

14

15

16

17      ☒     **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

18

19

20

21

22      Louis A. Coffelt, Jr.                        _____  Fax
        231 E. Alessandro Blvd., Suite 6A-504   __X__  U.S. Mail

23      Riverside, CA 92508                      _____  Overnight
        Phone: (951) 790-6086                    _____  Personal

24      Email: Louis.Coffelt@gmail.com           __X__  Electronic Service

25

26

27

28

9

1       I declare under penalty of perjury that the foregoing is true and correct.

2       Executed at San Francisco, California, this 29th day of January, 2018.

3

4

5

6       Gina L. Gerrish                         _Gina L. G_____

7        (typed)                                (signature)

**EXHIBIT  D**

50

# M Gmail

Louis Coffelt <louis.coffelt@gmail.com>

## 5:17-cv-01684-FMO-SHK Louis A Coffelt Jr. v. Autodesk, Inc
5 messages

**Louis Coffelt** <louis.coffelt@gmail.com>                                                    Mon, Jan 15, 2018 at 11:33 AM
To: "Hung, Richard S. J." <RHung@mofo.com>, "Brewer, Robin L." <RBrewer@mofo.com>, "Gerrish, Gina L." <GGerrish@mofo.com>, "Lee, Rose S."
<RoseLee@mofo.com>, "Rahebi, Bita" <BRahebi@mofo.com>, cwiener@mofo.com

Mr. Hung,

Do you believe there are any defects or errors in the Second Amended Complaint (Doc 35, 35-1, 35-2) which may be corrected by amendment?

Best regards,

Louis A. Coffelt, Jr.
(951) 790-6086

**Hung, Richard S. J.** <RHung@mofo.com>                                                    Tue, Jan 16, 2018 at 9:20 AM
To: Louis Coffelt <louis.coffelt@gmail.com>
Cc: "Brewer, Robin L." <RBrewer@mofo.com>, "Gerrish, Gina L." <GGerrish@mofo.com>, "Lee, Rose S." <RoseLee@mofo.com>, "Rahebi, Bita"
<BRahebi@mofo.com>, "Wiener, Christopher J." <CWiener@mofo.com>

Mr. Coffelt,

We believe that your complaint lacks merit and cannot be cured via amendment.

Rich

On Jan 15, 2018, at 11:33 AM, Louis Coffelt <louis.coffelt@gmail.com> wrote:

- **External Email -**

[Quoted text hidden]

=========================================================
This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in
error, please delete it and advise the sender by reply email.

**Louis Coffelt** <louis.coffelt@gmail.com>                                                    Tue, Jan 16, 2018 at 11:33 AM
To: "Hung, Richard S. J." <RHung@mofo.com>

51

1/24/2018

Gmail - 5:17-cv-01684-FMO-SHK Louis A Coffelt Jr. v. Autodesk, Inc

Cc: "Lee, Rose S." <RoseLee@mofo.com>, "Christopher J. Wiener" <cwiener@mofo.com>, "Rahebi, Bita" <BRahebi@mofo.com>, "Brewer, Robin L." <RBrewer@mofo.com>, "Gerrish, Gina L." <GGerrish@mofo.com>

Mr. Hung,

Would you like to discuss your contentions prior to filing your answer or motion?

Best regards,

Louis A. Coffelt, Jr.
(951) 790-6086
[Quoted text hidden]

**Hung, Richard S. J.** <RHung@mofo.com>                                                    Tue, Jan 16, 2018 at 11:35 AM
To: Louis Coffelt <louis.coffelt@gmail.com>
Cc: "Lee, Rose S." <RoseLee@mofo.com>, "Wiener, Christopher J." <CWiener@mofo.com>, "Rahebi, Bita" <BRahebi@mofo.com>, "Brewer, Robin L." <RBrewer@mofo.com>, "Gerrish, Gina L." <GGerrish@mofo.com>

Mr. Coffelt,

The bases are largely the same as those that we raised in our prior motion, which the Court granted.  You also have already amended twice.  So I do not think that further discussion would be productive.

Rich

Richard S.J. Hung
Morrison & Foerster LLP
rhung@mofo.com
(415) 268-7602

**From:** Louis Coffelt [mailto:louis.coffelt@gmail.com]
**Sent:** Tuesday, January 16, 2018 11:33 AM
**To:** Hung, Richard S. J.
**Cc:** Lee, Rose S.; Wiener, Christopher J.; Rahebi, Bita; Brewer, Robin L.; Gerrish, Gina L.
**Subject:** Re: 5:17-cv-01684-FMO-SHK Louis A Coffelt Jr. v. Autodesk, Inc

52

Gmail - 5:17-cv-01684-FMO-SHK Louis A Coffelt Jr. v. Autodesk, Inc

- External Email -

Mr. Hung,

Would you like to discuss your contentions prior to filling your answer or motion?

Best regards,

Louis A. Coffelt, Jr.
(951) 790-6086

On Jan 16, 2018 9:20 AM, "Hung, Richard S. J." <RHung@mofo.com> wrote:

Mr. Coffelt,

We believe that your complaint lacks merit and cannot be cured via amendment.

Rich

On Jan 15, 2018, at 11:33 AM, Louis Coffelt <louis.coffelt@gmail.com> wrote:

- External Email -

Mr. Hung,

Do you believe there are any defects or errors in the Second Amended Complaint (Doc 35, 35-1, 35-2) which may be corrected by amendment?

Best regards,

Louis A. Coffelt, Jr.

53

1/24/2018                                                                Gmail - 5:17-cv-01684-FMO-SHK Louis A Coffelt Jr. v. Autodesk, Inc

(951) 790-6086

====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email.

**Louis Coffelt** <louis.coffelt@gmail.com>                                                                Tue, Jan 16, 2018 at 11:47 AM
To: "Hung, Richard S. J." <RHung@mofo.com>
Cc: "Lee, Rose S." <RoseLee@mofo.com>, "Christopher J. Wiener" <cwiener@mofo.com>, "Brewer, Robin L." <RBrewer@mofo.com>, "Rahebi, Bita" <BRahebi@mofo.com>, "Gerrish, Gina L." <GGerrish@mofo.com>

Mr Hung,

I believe the Second Amended Complaint has corrected the prior defect or errors.

In light of your decline to discuss any Autodesk's contentions, I will respond after Autodesk files any answer or motion.

Best regards,
Louis A. Coffelt, Jr.
[Quoted text hidden]

54

# EXHIBIT  E

55



MORRISON | FOERSTER          425 MARKET STREET          MORRISON FOERSTER LLP
                            SAN FRANCISCO              NEW YORK, SAN FRANCISCO,
                            CALIFORNIA 94105-2482      LOS ANGELES, PALO ALTO,
                                                       SACRAMENTO, SAN DIEGO,
                            TELEPHONE: 415.268.7000    DENVER, NORTHERN VIRGINIA,
                            FACSIMILE: 415.268.7522    WASHINGTON, D.C.

                            WWW.MOFO.COM               TOKYO, LONDON, BRUSSELS,
                                                       BEIJING, SHANGHAI, HONG KONG,
                                                       SINGAPORE

                                                       Writer's Direct Contact:
                                                       rhung@mofo.com
                                                       (415) 268-7000

August 9, 2017

Via UPS Overnight Delivery

Louis A. Coffelt, Jr.
231 East Alessandro Boulevard #6A-504
Riverside, California 92508
(951) 790-6086

        Re:    Alleged infringement of "Coffelt works"

Dear Mr. Coffelt:

        On behalf of Autodesk, Inc., I write in response to your:

        (i)     June 15, 2017 letter and undated follow-up letter to Carl Bass,
                Autodesk's former Chief Executive Officer;
        (ii)    July 21, 2017 letter to Autodesk executives, including Pascal W.
                Di Fronzo, Autodesk's Chief Legal Officer; and
        (iii)   August 3, 2017 letter to Eric Mitchell, an office administrator in
                Autodesk's Venice, California office.

        At the outset, your attempts to contact Autodesk through multiple avenues are
inappropriate. Please direct all future correspondence concerning your alleged
copyrights to me.

        Regarding the substance of your letters, your allegations that Autodesk "has
made an unauthorized use of" and "is distributing an unauthorized use of [your]
copyrighted work[s]" are meritless. As you are aware, your prior infringement lawsuit
against Autodesk concerning U.S. Patent No. 8,614,710 ("the '710 patent") was
unsuccessful. Judge Otero held that the '710 patent was invalid (and therefore could not
be infringed), and a three-judge panel of the U.S. Court of Appeals for the Federal
Circuit affirmed that holding on March 15, 2017 via a unanimous decision.

sf-3811513

56

1/23/2018                    IMG_20170826_093923723_hung_mapped_object_shadow_1_.jpg



**MORRISON | FOERSTER**

Louis A. Coffelt, Jr.
August 9, 2017
Page Two

Having failed with your previous lawsuit, you now are trying to convert your patent infringement claim into one for copyright infringement. Your new claim is equally frivolous.

As Autodesk previously explained to you via letter dated February 9, 2016, Autodesk had developed its "Mapped Object Shadow" feature (the apparent basis for your new copyright infringement claim) by 2006. Accordingly, Autodesk could not have copied or derived anything from the source code excerpts that you forwarded, which you apparently developed in or after 2011 and for which you first sought copyrights in late 2016.

If we have misunderstood the basis of your copyright infringement claim, we would appreciate your clarification of your positions. In particular, we ask that you identify the specific feature(s) of AutoCAD, Fusion 360, Maya, InfraWorks, AutoCAD Civil 3D, or Revit that allegedly are derived from your copyrighted works. We also ask that you explain how Autodesk allegedly acquired access to your copyrighted work (whether during your imprisonment with the California Department of Corrections, as you have previously alleged, or otherwise) and provide documentary evidence supporting your assertion.

Otherwise, we will consider this matter to be resolved.

Sincerely,

Richard Hung

sf-3811518

57

## CERTIFICATE OF SERVICE

I, Louis A. Coffelt, Jr. (Coffelt), hereby certify that on the _31 st_ day of January, 2018,
Coffelt filed the the foregoing document   **OPPOSITION TO MOTION TO DISMISS**
**COMPLAINT, Fed. R. Civ. P. 12(b)(6)**  with the Clerk of the Court, in case No.
5:17-cv-01684-FMO-SHK, as follows:


Office of the Clerk

United States District Court for the Central District of California

312 North Spring Street,  Los Angeles, CA 90012


And further caused to be served one copy of the foregoing document **OPPOSITION TO**
**MOTION TO DISMISS COMPLAINT,  Fed. R. Civ. P. 12(b)(6)** by U.S. mail, postage prepaid, in
case 5:17-cv-01684-FMO-SHK to the following attorneys of record:


Richard S.J. Hung
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7602 (direct)
(415) 268-7522 (fax)
rhung@mofo.com


Date: January 31, 2018          By:

                              Louis A. Coffelt, Jr.

                              Plaintiff

                              Pro Se

_58_