UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 17-1684 FMO (SHKx)** | Date | **February 7, 2018** |
|---|---|---|---|
| Title | **Louis A. Coffelt Jr. v. Autodesk, Inc.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Motion to Stay Discovery

Having reviewed and considered the briefing filed with respect to defendant's Motion to Stay Discovery (Dkt. 40, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Generally, "[t]he district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). "Under the liberal discovery principles of the Federal Rules[, the parties are] required to carry a heavy burden of showing why discovery [should be stayed]." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). When considering a motion to stay discovery, district courts usually consider three factors: (1) the potential prejudice to the non-moving party; (2) any hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by a stay. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

"Generally, imposing a stay of discovery pending a dispositive motion is permissible if there are no factual issues raised by the dispositive motion, discovery is not required to address the issues raised by the dispositive motion, and the court is 'convinced' that the plaintiff is unable to state a claim for relief." Bank Transactions, Inc. v. Franco, 2016 WL 5858653, *1 (D. Nev. 2016) (citing Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984)).

The court has considered the instant motion in light of the goals of Federal Rule of Civil Procedure 1 to "secure the just, speedy, and inexpensive" determination of all cases. Though plaintiff argues he will be prejudiced by a stay, (see Dkt. 44, Opposition to Motion to Stay Discovery at 2), the court finds that defendant has carried its burden to show good cause. (See Dkt. 40, Motion). Given that plaintiff does not require discovery to oppose the pending Motion to Dismiss, (see Dkt. 39), the history of litigation between plaintiff and defendant, and the high volume of discovery requests plaintiff has already attempted to serve, (see Dkt. 40, Motion at 2-5), the court finds that there would be significant hardship to defendant and judicial resources expended absent a stay. Accordingly, and for good cause shown, IT IS ORDERED defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 17-1684 FMO (SHKx)** | Date | **February 7, 2018** |
|---|---|---|---|
| Title | **Louis A. Coffelt Jr. v. Autodesk, Inc.** | | |

Motion to Stay Discovery (**Document No. 40)** is **granted.** Discovery shall be stayed pending the court's decision on defendant's Motion to Dismiss (Dkt. 39).

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |