RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
ROBIN L. BREWER (CA SBN 253686)
rbrewer@mofo.com
CHRISTOPHER J. WIENER (CA SBN 280476)
cwiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
ROSE LEE (CA SBN 294658)
roselee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5428
Facsimile: (213) 892-5454

Attorneys for Autodesk, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. COFFELT, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>AUTODESK, INC., a Delaware Corporation,<br><br>  Defendant. | Case No.: 5:17-cv-01684-FMO-SHK<br><br>**DEFENDANT AUTODESK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF LOUIS A. COFFELT'S SECOND AMENDED COMPLAINT**<br><br>Date: February 22, 2018<br>Time: 10:00 a.m.<br>Courtroom: 6D, 6th Floor<br><br>Hon. Fernando M. Olguin |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................1
II.  ARGUMENT ......................................................................................................2
    A.   Mr. Coffelt's Continued Failure to Plausibly Allege Access Dooms His Claims. ........................................................................2
        1.   Mr. Coffelt's Claims All Require Showing Access. ...........2
        2.   Mr. Coffelt Has Not Plausibly Alleged Access by Autodesk. ............3
        3.   Mr. Coffelt Also Has Not Plausibly Alleged Access by Sony. ............4
    B.   Mr. Coffelt Does Not Dispute that His Copyright Infringement Claims Are Based on Unprotectable Ideas. ...............................................5
    C.   Mr. Coffelt's Other Arguments Do Not Weigh Against Dismissal .........6
    D.   Mr. Coffelt Alleges No Facts in His Opposition Warranting Further Leave to Amend ...........................................................................8
III. CONCLUSION ...................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson News, LLC v. Am. Media, Inc.*,
   680 F.3d 162 (2d Cir. 2012) ..................................................................................2-3,

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
   581 F.3d 1138 (9th Cir. 2009) ..................................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................2

*Butler v. Robar Enters.*,
   208 F.R.D. 621 (C.D. Cal. 2002) .............................................................................8

*Christian v. Mattel, Inc.*,
   286 F.3d 1118 (9th Cir. 2002) ...............................................................................4-5

*Coffelt v. T. Baker*, Case No. 13-cv-568-RGK-AS,
   Complaint, Dkt. No. 3 (C.D. Cal. Apr. 3, 2013) ......................................................3

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
   499 U.S. 340 (1991) ..................................................................................................2

*Kulberg v. Pure Flix Entm't LLC,* No. 16-cv-3949,
   2016 U.S. Dist. LEXIS 170452 (C.D. Cal. Oct. 12, 2016) ......................................2

*Mazer v. Stein*,
   347 U.S. 201 (1954) ..................................................................................................5

*Meta-Film Assocs., Inc. v. MCA, Inc.*,
   586 F. Supp. 1346 (C.D. Cal. 1984) ........................................................................4

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005) ..................................................................................................7

*Mitel, Inc. v. Iqtel, Inc.*,
   124 F.3d 1366 (10th Cir. 1997) .............................................................................5-6

*Morris v. Young*,
  925 F. Supp. 1078 (C.D. Cal. 2013) .................................................................. 2

*Rice v. Fox Broad. Co.*,
  330 F.3d 1170 (9th Cir. 2003) .......................................................................... 4

*Sega Enters. Ltd. v. Accolade, Inc.*,
  977 F.2d 1510 (9th Cir. 1992) .......................................................................... 5

*Three Boys Music Corp. v. Bolton*,
  212 F.3d 477 (9th Cir. 2000) ............................................................................ 2

**Statutes & Other Authorities**

17 U.S.C. § 101 ....................................................................................................... 2

17 U.S.C. § 102 ....................................................................................................... 5

17 U.S.C. § 106 ....................................................................................................... 2

California Penal Code § 288(a) .............................................................................. 3

California Penal Code § 290 .................................................................................. 3

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 2

1 Nimmer on Copyright § 3.01 (2017) .................................................................. 2

## I. INTRODUCTION

In its Opening Brief, Autodesk devoted *five full pages* to explaining how Mr. Coffelt had failed to plausibly allege that either Autodesk or Sony Pictures Imageworks ("Sony") had access to his copyrighted works. (Dkt. No. 39 at 8-13.) Autodesk devoted another *three full pages* to explaining how Mr. Coffelt is seeking to protect uncopyrightable ideas. (*Id.* at 13-16.) Finally, Autodesk explained that, absent a plausible allegation of access and direct infringement, none of Mr. Coffelt's indirect infringement allegations could survive. (*Id.* at 16-17.)

Rather than address these specific reasons for dismissal, Mr. Coffelt instead: (1) reiterates the elements of his seven causes of action; (2) proposes to amend his complaint yet again with "inadvertent[ly] omit[ted]," but irrelevant "missing facts"; (3) accuses Autodesk of mischaracterizing his allegations and ignoring certain of his copyrights; (4) contends that Autodesk's discovery responses are "evasive," but show a "connection with OSL"; and (5) emphasizes that Autodesk has failed to produce certain source code. None of these arguments overcomes the basic problems with his Second Amended Complaint ("SAC"), *i.e.,* that Mr. Coffelt still has not plausibly alleged access to his copyright works by *Autodesk or Sony*, and that he is seeking to protect uncopyrightable ideas.

In dismissing his original complaint, the Court admonished Mr. Coffelt that he should "carefully evaluate the contentions set forth in [Autodesk's] [m]otion" in preparing any amendments. (Dkt. No. 29 at 2.) The Court further instructed him to specifically "allege facts regarding the copying of his copyrighted works" and to address its "concern[]that the allegedly infringing work predates [Mr. Coffelt's] copyrighted work." (*Id.*) Despite the opportunity to file two amended complaints, Mr. Coffelt still has not cured the fundamental deficiencies in his complaint. Because further amendments would be futile, Autodesk urges the Court to dismiss Mr. Coffelt's SAC without leave to amend.

## II. ARGUMENT

### A. Mr. Coffelt's Continued Failure to Plausibly Allege Access Dooms His Claims.

#### 1. Mr. Coffelt's Claims All Require Showing Access.

Mr. Coffelt does not appear to understand the critical role that establishing access plays to his claims. To establish copyright infringement, Mr. Coffelt must show: "(1) ownership of a valid copyright; and (2) **copying** of constituent elements of the work that are original." *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (emphasis added). "Absent direct evidence of copying, proof of infringement involves fact-based showings that **the defendant had 'access'** to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) (emphasis added).

Mr. Coffelt's characterization of his claims as based on the "'***distribution'*** of a '***derivative work***'"[1] does not change these required showings. (Dkt. No. 42 at 6 (emphasis in original).) Infringement by a work that is based on a copyrighted work still requires proof of substantially similarity *and* access, absent direct copying. *See Morris v. Young,* 925 F. Supp. 1078, 1082 (C.D. Cal. 2013); *accord Kulberg v. Pure Flix Entm't LLC,* No. 16-cv-3949, 2016 U.S. Dist. LEXIS 170452, at \*2-3 (C.D. Cal. Oct. 12, 2016).

Accordingly, unless Mr. Coffelt can allege facts "plausibl[y]" demonstrating Autodesk's or Sony's access to his copyrighted works, dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *accord Anderson News, LLC v. Am. Media,*

---

[1] Mr. Coffelt's characterization of the Open Shading Language ("OSL") as an allegedly infringing "derivative work" is confusing. That phrase typically refers to a work that has been "substantially copied" from a prior copyrighted work "***with*** the consent of the copyright owner." 1 Nimmer on Copyright § 3.01 (2017) (emphasis added); *see* 17 U.S.C. §§ 101, 106. For purposes of Mr. Coffelt's SAC, Autodesk assumes that Mr. Coffelt's use of "derivative work" refers to something that has been substantially copied from a copyrighted work, but ***without*** the copyright owner's consent.

*Inc.,* 680 F.3d 162, 182 (2d Cir. 2012) (explaining that, "[t]o present a plausible claim," a pleading must "allege facts that would be sufficient to permit a reasonable inference that the defendant has engaged in culpable conduct") (cited at Dkt. No. 42 at 4) (citations omitted).

### 2. Mr. Coffelt Has Not Plausibly Alleged Access by Autodesk.

In his opposition, Mr. Coffelt essentially concedes that he still has not yet identified facts plausibly supporting this allegation that Autodesk accessed his copyrighted works. (Dkt. No. 42.) For example, while Mr. Coffelt outlines the elements for each of his seven causes of action (*Id.* at 3-6), he makes no attempt to explain how this demonstrates Autodesk's access.

Instead, Mr. Coffelt claims that he "inadvertent[ly] omit[ted] facts relating to 'access' to [his] [c]opyrighted [w]orks." (*Id.* at 8.) Mr. Coffelt then references two paragraphs of his attached declaration. (*Id.* (referring to Dkt. No. 43 at ¶¶ 7, 8).)

The two referenced paragraphs from his declaration, however, underscore Mr. Coffelt's lack of plausible evidence and the futility of further amendments. The paragraphs ***do not relate to alleged actions by Autodesk at all***, but only by California Department of Corrections ("CDC") agents[2] in 2011 and 2013. According to Mr. Coffelt, a CDC agent inserted a flash drive into his computer with his copyrighted works in 2011. The same or a different CDC agent allegedly connected a modem to his computer in 2013. (Dkt. No. 43 at ¶¶ 7, 8.)

These alleged accesses by CDC agents come nowhere close to explaining how *Autodesk* allegedly accessed Mr. Coffelt's copyrighted works. Mr. Coffelt still does not explain why it is plausible that Autodesk accessed his copyrighted

---

[2] The CDC agents presumably accessed Mr. Coffelt's computer as a special condition of his parole for violating California Penal Code § 288(a). In addition to mandatory registration under Penal Code § 290, Mr. Coffelt "agree[d] and voluntar[il]y consent[ed] to announced or unannounced examination and/or search of his electronic devices." *See Coffelt v. T. Baker,* Case No. 13-cv-568-RGK-AS, Complaint, Dkt. No. 3, at 18-26 (C.D. Cal. Apr. 3, 2013) (listing special conditions).

works via its "significant relationship with the CDC." (Dkt. No. 35 at 106.) *See Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009) ("To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work."). For example, Mr. Coffelt points to no "overlap in subject matter" between Autodesk and the CDC that somehow might "permit an inference of access." *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1358 (C.D. Cal. 1984).

Nor does Mr. Coffelt explain why it is plausible (or even possible) that the CDC agents ever "caused [his] copyrighted works to be copied and distributed world wide [*sic*] without [his] authorization." (*Id.* at ¶ 35.) *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003) (requiring evidence of commercial success or distribution through relevant media channels to show widespread dissemination).[3]

### 3. Mr. Coffelt Also Has Not Plausibly Alleged Access by Sony.

Mr. Coffelt also does not allege facts plausibly demonstrating that Sony (or Larry Gritz, a creator of the OSL) ever accessed his copyrighted works. In fact, Mr. Coffelt does not address the issue of Sony's access in his opposition at all.

Mr. Coffelt only disputes whether there is any "evidence in the record in this case that OSL predates [his] copyrighted works." (Dkt. No. 42 at 1, 7.) This ignores Autodesk's request for judicial notice that Sony released OSL on January 14, 2010—before Mr. Coffelt published any of his copyrighted works. (Dkt. No. 22 (Request for Judicial Notice); Dkt. No. 22-1 (Sony press release).) As "a prior-created work cannot infringe a later-created one," and Mr. Coffelt has not alleged that his copyrighted works predate OSL, OSL cannot infringe his copyrighted

---

[3] Mr. Coffelt apparently has abandoned his alternative theory that Autodesk accessed his copyrighted works by reviewing his patent. (Dkt. No. 35 ¶ 105.) In his opposition, Mr. Coffelt does not discuss this theory or respond to its deficiencies. (Dkt. No. 42.)

works as a matter of law. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002).

### B. Mr. Coffelt Does Not Dispute that His Copyright Infringement Claims Are Based on Unprotectable Ideas.

Mr. Coffelt's characterization of his claims as directed to infringing "derivative works" (*i.e.,* works that are substantially copied from a copyrighted work) also does not change the fact that ideas themselves are uncopyrightable. *See* 17 U.S.C. § 102; *see also Mazer v. Stein*, 347 U.S. 201, 217 (1954) ("Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea — not the idea itself."); *Sega Enters. Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1524 (9th Cir. 1992). Yet that is precisely what Mr. Coffelt is trying to protect in his SAC.

As Autodesk explained in its Opening Brief, Mr. Coffelt's SAC repeatedly alleges that OSL infringes because it "creates results identical to Coffelt's CAD Work results" and uses the same concepts, such as "the direction of view" and a "reflection vector." (Dkt. No. 39 (citing Dkt. No. 35 at ¶¶ 78, 104, Ex. 121).) Mr. Coffelt confirms as much in his opposition, alleging that "the basis for OSL is identical to Coffelt's basis for the copyrighted work" and "that OSL results are identical to Coffelt's copyrighted work results." (Dkt. No. 42 at 9.) But Mr. Coffelt cannot state a claim for copyright infringement based on Autodesk's (or Sony's) alleged copying of his ideas. *See Mazer,* 347 U.S. at 217.

Nor does Mr. Coffelt's reference to the "abstraction-filtration-comparison" test lend him any aid. (Dkt. No. 42 at 4 (citing *Sega* and *Mitel, Inc. v. Iqtel, Inc.,* 124 F.3d 1366, 1372 (10th Cir. 1997)).) In fact, his cited cases underscore that copyright law protects only the ***expression*** of ideas, and not the ideas themselves. *See Sega,* 977 F.2d at 1524 ("The protection established by the Copyright Act for original works of authorship does not extend to the ideas underlying a work or to the functional or factual aspects of the work."); *Mitel,* 124 F.3d at 1372

("[A]lthough an element of a work may be characterized as a method of operation, that element may nevertheless contain expression that is eligible for copyright protection.").

Regardless, Mr. Coffelt offers no response to Autodesk's detailed explanation as to why Exhibit 121—Mr. Coffelt's lone evidence of infringement—relates to uncopyrightable ideas. (Dkt. No. 39 at 15-16.) Because Mr. Coffelt does not dispute that he is seeking to protect uncopyrightable ideas, he has failed to state a claim for copyright infringement.

### C. Mr. Coffelt's Other Arguments Do Not Weigh Against Dismissal

In his opposition, Mr. Coffelt raises a wide variety of additional arguments for why dismissal would be inappropriate. To the extent that these arguments can be understood,[4] none weighs against dismissal.

For example, Mr. Coffelt complains that Autodesk did not address his infringement allegations for each and every one of his copyrighted works, but only Copyright No. TX-8-447-381. (Dkt. No. 42 at 7.) Mr. Coffelt ignores that he only attempted to provide an explanation for that copyrighted work (Dkt. No. 35 at Ex. 121), but merely listed the copyright numbers for his other works (*id.* at ¶¶ 115-180). As Autodesk explained in its Opening Brief, Mr. Coffelt's mere listing of those copyright numbers does not state a claim. (Dkt. No. 39 at 16 n.4.)

Mr. Coffelt also apparently suggests that his sixth and seventh causes of action, which relate to indirect infringement, should survive dismissal because they are "inherently" based on "facts directed to OSL." (Dkt. No. 42 at 7.) Mr. Coffelt overlooks that he cannot state a claim merely by stating conclusory allegations from which the supporting facts must be divined. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that successfully stating a claim "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Mr. Coffelt further

---

[4] Because Mr. Coffelt's positions continue to be difficult to understand, Autodesk presents its responses based on its best understanding of those positions.

1  continues to ignore that, absent proof of direct infringement, Autodesk cannot be
2  liable for contributory infringement or vicarious liability.  *See Metro-Goldwyn-*
3  *Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).

4  Finally, Mr. Coffelt contends that (i) Autodesk's "evasive" discovery
5  responses, (ii) its admission that its products have "a connection with OSL," and
6  (iii) its failure to explain an affirmative defense or provide source code somehow
7  demonstrate that his claims are plausible.  (Dkt. No. 42 at 9.)  Yet besides making
8  these contentions, Mr. Coffelt does not explain them at all.

9  Regardless, each of Mr. Coffelt's contentions is false.  First, as Autodesk
10 explained in opposing Mr. Coffelt's latest motion to compel, his discovery requests
11 failed to follow the requirements of basic civil procedure and were nonsensical.
12 (Dkt. No. 40.)  Among other things, Mr. Coffelt's requests combined document
13 requests and interrogatories, exceeded the default limit on interrogatories under
14 Rule 33, and sought information relating to companies (*e.g.,* Pixar) that are not even
15 parties to this case.  It was for these reasons that Autodesk did not offer substantive
16 responses to the great majority of them and, indeed, successfully moved to stay all
17 discovery pending Mr. Coffelt's service of a complaint that satisfies Rule 12(b)(6).
18 (Dkt. Nos. 46, 47 (orders staying discovery and Mr. Coffelt's second motion to
19 compel).)

20 Second, Autodesk's support for OSL in certain of its products does not
21 demonstrate that its products infringe.  Among other things, Mr. Coffelt still has not
22 alleged facts showing that Sony (which developed OSL) accessed his copyrighted
23 works or actually copied their expression of ideas.

24 Third, Autodesk's failure to identify its affirmative defenses or produce
25 source code to Mr. Coffelt does not prove that his claims are plausible.  The reason
26 that Autodesk has not yet presented its affirmative defenses, of course, is that
27 Mr. Coffelt still has not stated a claim under Rule12(b)(6).  Moreover, no source
28 code has been produced because no protective order has been entered (despite

1  Autodesk's attempts to advance this process by sending Mr. Coffelt an initial draft)
2  and discovery has been stayed.

### D. Mr. Coffelt Alleges No Facts in His Opposition Warranting Further Leave to Amend

In its Opening Brief, Autodesk explained that the SAC actually is Mr. Coffelt's fourth attempt to state a claim. (Dkt. No. 39 at 17.) Judge Otero dismissed Mr. Coffelt's patent infringement lawsuit in 2016 for failure to state a claim, and Mr. Coffelt now has served three different complaints in these proceedings.

For all of the reasons that Autodesk identified in its Opening Brief and above, Mr. Coffelt's latest amended complaint does not cure the deficiencies in his prior complaints. In his opposition, Mr. Coffelt does not attempt to explain how further amendments might address these deficiencies.

The only amendment that Mr. Coffelt proposes relates to "inadvertent[ly] omit[ted] facts directed to 'access' to [his] copyrighted work[s]." (Dkt. No. 42. at 2.) Mr. Coffelt identifies these "supplemental facts" in paragraphs 7 and 8 of his declaration. (*Id.* at 8 (referring to Dkt No. 43).)

As explained above, however, these "facts" relate to alleged access by CDC agents—not Autodesk. Accordingly, further amendment would not remedy the issues with Mr. Coffelt's SAC and would be futile. *See Butler v. Robar Enters.*, 208 F.R.D. 621, 623 (C.D. Cal. 2002) ("A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense.").

### III. CONCLUSION

Mr. Coffelt still identifies and alleges no facts that plausibly demonstrate Autodesk or Sony's access to his copyrighted works. He also does not challenge that his infringement claims relate to uncopyrightable ideas. Because Mr. Coffelt has already filed three complaints in these proceedings and has identified no facts

or allegations that warrant further amendments, the Court should dismiss Mr. Coffelt's Second Amended Complaint without leave to amend.

Dated: February 8, 2018          By:     */s/ Richard S.J. Hung*

MORRISON & FOERSTER LLP
Attorneys for Defendant
AUTODESK, INC.